## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**GREG HALE, ALICIA GILMORE,**
**MICHAEL WHITKANACK, AND JESSICA WHITE,**
on behalf of themselves and all others similarly situated          **PLAINTIFFS**

VS.                              **CASE NO.: 3:22-CV-117-BSM**

**ARCARE, INC.**                                                  **DEFENDANT**

### MOTION TO INVOKE THE AUTOMATIC STAY OF 42 U.S.C. § 233(*l*)(2)

Defendant ARcare, Inc.("ARcare") for its motion to invoke the automatic stay of 42 U.S.C. § 233(*l*)(2), states:

1.      The Court consolidated all cases pending against ARcare in the United States District for the Eastern District of Arkansas, including *Engles, et al., v. ARcare*, No. 3:22-cv-00139 (E.D. Ar.), alleging causes of action stemming from the alleged data breach that took place on or around March 14, 2022, in the referenced case.  *See* ECF No. 17; Notice, *Engles, et al. v. ARcare*, No. 22-139-LPR, (E.D. Ark. Mar. 28, 2023), ECF No. 56.

2.      Prior to the consolidation, ARcare filed its Notice of Stay in *Engles*, notifying the Court and the plaintiff that the case was stayed under 42 U.S.C. § 233(*l*)(2) until the Court has determined whether ARcare is an appropriate defendant in this action as required by 42 U.S.C. § 233(*l*)(2).  Notice of Stay, *Engles, et al. v. ARcare*, No. 22-139-LPR, (E.D. Ark. June 20, 2022), ECF No. 5.

3.      Subsequently, the Court entered its Order denying the plaintiffs' motion for remand finding "that ARcare is a Public Health Services employee under 42 U.S.C. section 233(a)" and "ARcare provided proper notice . . . to the United

2929177-v1

States Department of Health and Human Services and the U.S. Attorney for the

Eastern District of Arkansas." Order, *Engles, et al. v. ARcare*, No. 22-139-LPR,

(E.D. Ark. June 20, 2022), ECF No. 55.

4.      The Court stated that "[w]hether the United States should be

substituted as the proper defendant will be taken up at a hearing that will be set by

separate notice. 42 U.S.C. § 233(*l*)(2)." *Id.*

5.      The Court has yet to determine whether the United States should be

substituted as the proper defendant in this case.

6.      After the cases were consolidated, the Court entered its Initial

Scheduling Order, setting certain deadlines and proposals. ECF No. 18.

7.      This action is stayed under 42 U.S.C. § 233(*l*)(2), including all

deadlines, such as ARcare's deadline to respond to the complaint and any

scheduling deadlines, which should not begin to run until the Court has determined

whether ARcare is an appropriate defendant in this action as required by 42 U.S.C.

§ 233(*l*)(2).

8.      As such, the deadlines proposed in the final scheduling order,

including any discovery deadlines, are premature and entry of such an order should

be stayed until the Court has determined the proper defendant in this case.

9.      ARcare intends to file a motion to substitute so the Court may take up

the issue of whether the United States should be substituted as the proper

defendant.

2929177-v1

WHEREFORE, ARcare, Inc. respectfully requests that the Court enter and order staying all deadlines until the Court has determined whether ARcare is an appropriate defendant in this action as required by 42 U.S.C. § 233(*l*)(2).

Respectfully submitted:

Scott A. Irby (99192)
Gary D. Marts, Jr. (2004116)
Andrea L. Kleinhenz (2021216)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
sirby@wlj.com; gmarts@wlj.com;
akleinhenz@wlj.com

Matthew Freedus (D.C. Bar # 475887)*
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036
(202) 466-8960;
FAX: (202) 293-8103
mfreedus@feldesemantucker.com
***Admitted pro hac vice**

*Attorneys for Defendant ARcare, Inc.*

3