IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GREG HALE, ALICIA GILMORE,
MICHAEL WHITKANACK, AND JESSICA WHITE,
on behalf of themselves and all others similarly situated     PLAINTIFFS

VS.                CASE NO.: 3:22-CV-117-BSM

ARCARE, INC.                                                      DEFENDANT

**BRIEF IN SUPPORT OF MOTION TO INVOKE THE
AUTOMATIC STAY OF 42 U.S.C. § 233(*l*)(2)**

**INTRODUCTION**

Pending before this Court are consolidated cases against ARcare, Inc. ("ARcare"), including *Engles, et al., v. ARcare*, No. 3:22-cv-00139, arising from an alleged data breach that took place on or around March 14, 2022. As an entity deemed to be a Public Health Service (PHS) employee under 42 U.S.C. § 233(g) and (h), ARcare is immune from this action under 42 U.S.C. § 233(a) because the claims against it resulted from its performance of "medical … and related functions" within the scope of its deemed federal employment. As such, plaintiffs' exclusive remedy is a claim under the Federal Tort Claims Act ("FTCA") against the United States.

Because the Attorney General failed to appear in the state court in the *Engels* action, as contemplated by 42 U.S.C. § 233(*l*)(1), ARcare removed the action to this Court pursuant to 42 U.S.C. § 233(*l*)(2) (and 28 U.S.C. § 1442). Upon removal, those proceedings were subject to § 233(*l*)(2)'s automatic stay of proceedings pending this Court's hearing to determine whether to remand to state

2929178-v1

court or substitute the United States in place of ARcare and proceed in district court under the FTCA. *Id.*

Based on 42 U.S.C. § 233(*l*)(2) and settled Supreme Court immunity jurisprudence, this Court should stay all proceedings in this consolidated case—which includes *Engles*—pending a threshold immunity determination—*i.e.*, whether the United States should be substituted as the proper defendant in this case. *Hunter v. Bryant*, 502 U. S. 224, 227 (1991) (per curiam) (noting the Court has "repeatedly [] stressed the importance of resolving immunity questions at the earliest possible stage in litigation"); *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001) ("an immunity from suit rather than a mere defense to liability . . . like an absolute immunity . . . is effectively lost if a case is erroneously permitted to go to trial") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action")).

## LEGAL BACKGROUND

Under the Emergency Health Personnel Act of 1970, Pub. L. 91-623, § 4, 84 Stat. 1868, 1870–71 (1970), *codified at* 42 U.S.C. § 233, PHS personnel are absolutely immune from any civil action or proceeding arising out of their performance of medical, surgical, dental, or related functions within the scope of their employment. 42 U.S.C. § 233(a). The statute provides that immunity—which is not only a defense against liability but a right to be free from the cost and burden of litigation altogether—by making the "remedy against the United States" under

the FTCA "exclusive of any other civil action or proceeding." 42 U.S.C. § 233(a). The Federally Supported Health Centers Assistance Act of 1992 (as amended in 1995) ("FSHCAA"), *codified at* 42 U.S.C. § 233(g) *et seq.*, authorizes the Secretary of the U.S. Department of Health and Human Services ("HHS") to extend that very "same" immunity to certain "federally-supported" health centers and their officers, directors, and employees (and certain contractors). 42 U.S.C. § 233(g)(1)(A) ("The remedy against the United States for an entity [receiving Federal funds under 42 U.S.C. § 254b] shall be exclusive of any other civil action or proceeding to *the same extent as the remedy* against the United States is exclusive pursuant to subsection [233](a).") (emphasis added).

When a civil action or proceeding is brought against a deemed PHS employee, the deemed entity or individual has a duty to deliver the pleadings to the grantor agency's designated representative, which is HHS's Office of General Counsel ("HHS OGC"). 42 U.S.C. § 233(b); *Federal Tort Claims Act Health Center Policy Manual*, available at https://shorturl.at/bhR14, at 25 (calling for health centers to deliver pleadings to HHS OGC); *McLaurin v. United States*, 392 F.3d 774, 779-80 (5th Cir. 2004) (recognizing that a deemed PHS employee defendant must deliver pleadings to supervising federal agency).

HHS OGC is required, in turn, to "promptly" deliver copies of the pleadings to the Attorney General and appropriate local U.S. Attorney. 42 U.S.C. § 233(b). Upon notification of a state court action against a deemed PHS employee (confirmed by a Notice of Deeming Action), the Attorney General has a mandatory duty to

3

appear in that court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 U.S.C. § 233(*l*)(1). This procedure is akin to a preliminary coverage and duty to defend determination under an occurrence-based insurance policy. *See* Notice of Deeming Action (ECF No. 1, at 107) (likening § 233(a) immunity to coverage under an "occurrence" policy). The HHS Secretary's report to the state or local court of that deeming determination satisfies "the provisions of [42 U.S.C. § 233(c)] that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility." *Id*. at § 233(*l*)(1); *Cf*. 28 U.S.C. § 2679(d)(3).

If, however, the Attorney General (or his or her authorized representative) fails to appear in the state court action or proceeding, as contemplated by 42 U.S.C. § 233(*l*)(1), the deemed entity or individual has an absolute right to remove the matter to the appropriate federal district court. *Id*. at § 233(*l*)(2). Section 233(*l*)(2) is in substance and effect an officer removal statute, which supplies a removal right in addition to the general officer removal statute at 28 U.S.C. § 1442(a)(1). *See Agyin*, 986 F.3d at 178 (concluding that deemed PHS physician's removal under § 1442 was proper because, as an employee of a deemed health center, he was acting under a federal officer when he treated the plaintiff).

4

When an action is removed to federal court under § 233(*l*)(2), the "civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination." 42 U.S.C. § 233(*l*)(2). The hearing in federal district court following § 233(*l*)(2) removal allows a deemed entity or individual to challenge the federal government's failure or refusal to "determine[] under subsections (g) and (h) of [§ 233], that such entity [or] employee ... is deemed to be an employee of the [PHS] for purposes of [§ 233] with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id.* at § 233(*l*)(1). Where, as here, the claim is covered by the deemed defendant's § 233(a) immunity, § 233(*l*)(2) ensures that the United States is substituted as the only proper defendant. *See El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Hum. Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005); *see also Estate of Booker v. Greater Phila. Health Action, Inc.*, 10 F.Supp.3d 656, 670 (E.D. Pa. 2014); *Kezer v. Penobscot Cmty Health Ctr.*, 15-cv-225-JAW, 2019 BL 141566, at *9 (D. Me. Mar. 21, 2019); *Smith v. Harbison*, 4:19-cv-152, 2020 WL 6216758, at *5 (M.D. Ga. Oct. 22, 2020). But the case does not proceed on the merits until the determination as to the identity of the proper defendant is made.

## ARGUMENT

Under 42 U.S.C. § 233(a), deemed entities like ARcare have absolute immunity from all civil actions "resulting from the performance of medical, surgical,

2929178-v1

dental, or related functions." 42 U.S.C. § 233(a). In such cases, a plaintiffs' "remedy against the United States provided by [the FTCA] . . . shall be exclusive of any other civil action or proceeding by reason of the same subject-matter." *Id.* Therefore, the United States is the only proper defendant in this case.

On June 13, 2022, ARcare exercised its right under 42 U.S.C. § 233 to remove the *Engels* case from state court to this Court. This right was based on ARcare's status as a recipient of federal grant funds under Section 330 of the Public Health Service Act as a community health center. This status qualifies ARcare for absolute immunity from suit under 42 U.S.C. § 233. The removal was initiated in response to the Attorney General's failure to appear in the *Engles* state court within the specified period as required by 42 U.S.C. § 233.

After the removal to this Court, 42 U.S.C. § 233(*l*)(2) provides that all proceedings on the merits are stayed by operation of law until this Court conducts a hearing to determine the appropriate forum or procedure for the assertion of the claim for damages and issues an order consistent with its determination.

The Court has already found that ARcare is deemed to be a PHS employee for purposes of 42 U.S.C. § 233(a) and that ARcare provided proper notice to the HHS and the U.S. Attorney for the Eastern District of Arkansas. Order, *Engles, et al. v. ARcare*, No. 22-139-LPR, (E.D. Ark. June 20, 2022), ECF No. 55. The logical conclusion from the Court's findings is that ARcare is entitled to have the immunity determination made in federal court. Until the Court holds the hearing and makes

the required determination, the statute requires all other proceedings in the case to be stayed.  42 U.S.C. § 233(*l*)(2).

There is no logical basis to draw a procedural distinction between the *Engels* portion of the consolidated complaint—which is plainly subject to 233(*l*)(2)'s mandatory stay—and the other portions of the *same* complaint, which originated in federal court but arise out of the same underlying events.

Accordingly, the Court should stay all deadlines in this action until it has conducted a hearing to determine if the United States should be substituted as the rightful defendant and issued an order issuing the Court's ruling on that issue.

## CONCLUSION

42 U.S.C. § 233(*l*)(2) requires the Court to stay all proceedings in this case until it has held a hearing on whether to substitute the United States as the only proper defendant in place of ARcare and issued its ruling on that issue.

Respectfully submitted:

Scott A. Irby (99192)
Gary D. Marts, Jr. (2004116)
Andrea L. Kleinhenz (2021216)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
sirby@wlj.com; gmarts@wlj.com;
akleinhenz@wlj.com

Matthew Freedus (D.C. Bar # 475887)*
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036
(202) 466-8960;
FAX: (202) 293-8103
mfreedus@feldesemantucker.com
*Admitted pro hac vice

*Attorneys for Defendant ARcare, Inc.*