IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| **GREG HALE, ALICIA GILMORE, MICHAEL WHITKANACK, AND JESSICA WHITE, on behalf of themselves and all others similarly situated,** )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**ARCARE, INC.,** )<br>)<br>Defendant. )<br>) | No. 3:22-CV-117 BSM |

## NOTICE TO COURT

Non-party United States has recently become aware that the Defendant ARcare, Inc. has filed a motion seeking alternate grounds of relief, one of which is the substitution of the United States. Docs. 25, 26. The United States submits this notice to inform the Court that Defendant ARCare's motion, which purports in part to compel substitution of the United States, was never served upon the United States in compliance with the Federal Rules of Civil Procedure. Even if ARCare's motion identified a statutory basis that conferred a right to seek substitution of the United States—and we are aware of none—the failure to properly serve process upon the United States renders the Court without jurisdiction over the United States.[1]

---

[1] The only Act of Congress that authorizes a defendant-employee to obtain substitution of the United States is 28 U.S.C. § 2679(d)(3), a provision of the Westfall Act which authorizes an employee of the government to petition the court in which an action is pending for a scope of employment certification in the event the Attorney General has refused to issue one. If the petitioned court grants the certification, then the action is deemed one brought against the United States, and the United States substituted as the defendant in the employee's place. ARCare, however, is not an "employee of the government," but rather a private entity "deemed" to be a Public Health Service employee only for purposes of 42 U.S.C. § 233. Consequently, ARCare cannot invoke the process of substitution found 28 U.S.C. § 2679(d)(3), located in a completely different section and title of U.S. Code than 42 U.S.C. § 233.

The United States is also aware, however, that Plaintiffs failed to oppose Defendant's other requested relief of dismissal, and therefore notes that the Court may use its discretion to grant Defendant ARcare's Motion to Dismiss. Should the Court find that dismissal is improper, then the United States is available, at the Court's invitation, to submit a Statement of Interest addressing those issues in ARcare's motion that intersect with the interests of the United States.

1. Plaintiffs filed several class action complaints against the defendant, ARcare, Inc. ("ARcare"), in state and federal courts located in Arkansas, and they have since consolidated their actions in the instant matter. Doc. 19.

2. On July 26, 2023, Defendant ARcare filed a motion seeking alternate forms of relief along with a brief in support. Docs. 25, 26. First, ARcare requested that this Court to substitute the United States, a non-party, as the defendant. Then, in the alternative, ARcare moved this Court to dismiss the case.

3. The United States was not served with this briefing. [The United States has since determined that ARcare was not deemed to be a Public Health Service employee for purposes of the acts or omissions giving rise to the suit and that this action therefore is not subject to the provisions of 42 U.S.C. § 233. Accordingly, the United States will not intervene in this action or move to substitute itself in ARcare's stead as the party defendant. Plaintiffs' claims, which allege harms resulting from a criminal data breach, are neither claims for "personal injury, including death" within the meaning of 42 U.S.C. § 233(a), nor claims for medical malpractice of the kind that the Federally Supported Health Centers Assistance Act is intended to cover. *See* USAO Letter to ARcare.

4. Plaintiffs' deadline to respond was August 9, 2023. To date, Plaintiffs have not filed any opposition. Therefore, this Court has the discretion to grant Defendant ARcare's request

to dismiss the claims against it. *See, e.g., Siepel v. Bank of Am., N.A.*, 526 F.3d 1122, 1125 (8th Cir. 2008) ("Due to the Plaintiffs' failure to oppose, the [district] court dismissed the federal claims with prejudice[.]"); *Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993) ("District courts have the duty and power to manage their dockets and we will not intervene in the absence of an abuse of discretion.").

5. Should the Court instead pursue the issue of whether the United States should be substituted in place of ARcare as the defendant in this case, despite the afore-mentioned jurisdictional infirmities in ARcare's purported claim to relief, the United States is available, at the Court's invitation, to file a Statement of Interest.

Respectfully submitted,

JONATHAN D. ROSS,
United States Attorney

By: SHANNON S. SMITH
Bar No. 94172
Assistant U.S. Attorneys
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
shannon.smith@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that on said date, I sent by U.S. Mail a copy of this filing to:

Bryan L. Bleichner
Chestnut Cambronne PA
100 Washington Avenue South Suite 1700
Minneapolis, MN 5540
Bbleichner@chestnutcambronne.com

Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman PLLC
227 West Monroe Street Suite 2100
Chicago, IL 60606
Gklinger@milberg.com

William B. Federman
Federman & Sherwood
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Wbf@federmanlaw.com
Joseph M. Lyon
The Lyon Firm, LLC
2754 Erie Avenue
Cincinnati, OH 45208
Jlyon@thelyonfirm.com

Joshua Sanford
Sanford Law Firm, PLLC
Kirkpatrick Plaza, Suite 510 10800 Financial Centre Parkway
Little Rock, AR 72211
Josh@sanfordlawfirm.com

Joseph D. Gates
Gates Law Firm, PLLC
2725 Cantrell Road Suite 105
Little Rock, AR 72202
USA
Gates@gateslawpllc.com

Christopher D. Jennings
Johnson Firm
610 President Clinton Avenue Suite 300
Little Rock, AR 72201
Chris@yourattorney.com

Francesca Kester Burne
Morgan & Morgan, P.A.
One Tampa City Center 201 North Franklin Street Suite 700
Tampa, FL 33602
Fkester@forthepeople.com

Jean Sutton Martin
Morgan & Morgan Complex Litigation Group
201 North Franklin Street Suite 700
Tampa, FL 33602
Jeanmartin@forthepeople.com

Nathan Irving Reiter, III
Johnson Firm
610 President Clinton Avenue Suite 300
Little Rock, AR 72201
Nathan@reiterlaw.com

Anthony L. Parkhill
Barnow and Associates, P.C.
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Aparkhill@barnowlaw.com

Gary E. Mason
Mason LLP
5335 Wisconsin Avenue NW Suite 640
Washington, DC 20015
Gmason@masonllp.com

Shawn Bradley Daniels
Daniels Law Firm, PLLC
129 West Sunbridge Drive
Fayetteville, AR 72703
Shawn@danielsfirm.com

Matthew Sidney Freedus
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, N.W., 4th Floor
Washington, Dc 20036
Mfreedus@ftlf.com

Andrea L. Kleinhenz
Wright, Lindsey & Jennings
3333 Pinnacle Hills Parkway, Suite 510
Rogers, AR 72758-8960
Akleinhenz@wlj.com

Gary D. Marts, Jr.
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Gmarts@wlj.com

Scott Andrew Irby
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Sirby@wlj.com

                                        By: SHANNON S. SMITH
                                            Bar No. 94172
                                            Assistant U.S. Attorneys
                                            P.O. Box 1229
                                            Little Rock, AR 72203
                                            (501) 340-2600
                                            shannon.smith@usdoj.gov