**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**GREG HALE, ALICIA GILMORE,
MICHAEL WHITKANACK, AND JESSICA WHITE,**
**on behalf of themselves and all others similarly situated**          **PLAINTIFFS**

**VS.**                        **CASE NO.: 3:22-CV-117-BSM**

**ARCARE, INC.**                                                **DEFENDANT**

**BRIEF IN RESPONSE TO
<u>AUTOMATIC STAY OF 42 U.S.C. § 233(*l*)(2)</u>**

**INTRODUCTION**

Defendant ARcare, Inc. (ARcare) hereby responds to the federal government's
September 19, 2023 "Notice To Court." ECF No. 27. The government's notice
contends that ARcare failed to serve its motion to substitute (ECF No. 25) on the
United States "in compliance with the Federal Rules of Civil Procedure," thus
"render[ing] this Court without jurisdiction over the United States." ECF No. 27
(Gov't Notice to Court) at 1-2. The government further contends that the Court has
no "statutory basis" to order the substitution of the United States regardless of its
notification. *Id*. The government is mistaken on both points.

**1.  ARcare notified the federal government of this action in
    accordance the PHS Act's comprehensive notification scheme**

ARcare complied with the specific and complete notification scheme under
the Public Health Service (PHS) Act, which is designed to be virtually fool proof. 42
U.S.C. § 233(b). In particular, a deemed PHS defendant—in *any* civil action or
proceeding—has a duty to "deliver" all "process served upon" the PHS defendant to
its "immediate superior or to whomever was designated by the Secretary to receive

such papers." 42 U.S.C. § 233(b). Here, the Secretary's designated recipient is the Office of General Counsel (OGC) at the United States Department of Health and Human Services (HHS)—*i.e.*, the agency responsible for the health center program. *See* Federal Tort Claims Act Health Center Policy Manual (FTCA Manual), § J at 19 (July 21, 2014) (instructing deemed PHS defendants to deliver such documentation to HHS OGC by email), available at

https://bphc.hrsa.gov/sites/default/files/bphc/compliance/ftcahc-policy-manual.pdf;

42 U.S.C. § 254(*o*) (Secretary administers the health center grant program through a division of its Health Resources and Services Administration).

The deemed PHS defendant's delivery of a summons and complaint to HHS OGC, in turn, triggers the agency's mandatory/nondiscretionary duty to "*promptly furnish copies of the pleading and process* therein to the *United States Attorney* for the district embracing the place wherein the proceeding is brought, to the *Attorney General*, and to the Secretary." 42 U.S.C. § 233(b) (emphasis added).

When the civil action or proceeding against a deemed PHS defendant is brought in state court, the Attorney General has a mandatory/nondiscretionary duty to appear "within 15 days after being [so] notified" to advise the state court "as to whether the Secretary has determined under subsections (g) and (h) of this section, that such entity … is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id*. at§ 233(*l*)(1).

The reference in § 233(*l*)(1) to the Attorney General "being notified" of the action or proceeding is plainly a reference to, and contemplates compliance with, § 233(b), which is the statute's specific provision on notification. In other words, § 233(*l*)(1) contemplates what § 233(b) requires—*i.e.*, the agency (not the deemed PHS employee) is obligated to furnish the summons and complaint (that the deemed PHS defendant delivered to the agency) to the Attorney General and the local U.S. Attorney. The government can hardly disagree with this reading of the PHS Act's notification scheme given the Attorney General's own regulation on the matter. 28 C.F.R. § 15.2(d) (providing that "[a]ny covered person against whom a civil action or proceeding is brought for money damages for loss or damage to property, or personal injury or death, on account of any act or omission, under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy, shall promptly deliver to the appropriate Federal agency").

Beyond the government's concession of actual notice,[1] the record of the consolidated cases plainly reflects that ARcare satisfied its statutory duty to notify the federal government at the outset of this litigation. ARcare not only delivered each summons and complaint to HHS OGC in May 2022—long before the cases

---

[1] The government claims that it has only "recently become aware" of ARcare's motion to substitute but ignores the PHS Act's notification provisions and neglects to mention how and when it was *first* notified of the underlying complaints. ECF No. 27 (Gov't Notice to Court) at 1.

were consolidated[2]—but ARcare also provided courtesy copies of those pleadings to the local U.S. Attorney at the same time. As the Court already found—in denying the *Whitkanack* plaintiff's (pre-consolidation) remand motion—"ARcare provided proper notice of this lawsuit to [HHS] and the U.S. Attorney for the Eastern District of Arkansas." *Whitkanack*, Case No. 3:22-cv-00140-BSM, ECF No. 55 (March 28, 2023 Order denying the plaintiff's remand motion and citing ARcare's Notice of Removal, Exhibits D and E).

**2. The Court has statutory authority to order the substitution of the United States in place of ARcare**

The Court's authority (and duty) to determine "whether the United States should be substituted as the proper defendant … at a hearing," *Whitkanack*, Case. No. 3:22-cv-00140-BSM, ECF No. 55 (Order denying remand motion), finds its home in the PHS Act itself. That is, 42 U.S.C. § 233(a) immunity is effectuated by a finding or determination that the defendant's conduct (*i.e.*, performance of "medical, surgical … or related functions") occurred within the scope of his or her (or its) employment as an (actual or deemed) PHS employee. 42 U.S.C. § 233(a) (making the "remedy *against the United States*" under the FTCA "exclusive of any other civil

---

[2] On March 1, 2023, the Court issued an Order consolidating *Hale v. ARcare*, 3:22-cv-00117-BSM, *Gilmore v. Arcare*, 3:22-cv-00123-BSM, *Whitkanack v. ARcare*, 3:22-cv-00140-BSM, *White v. ARcare*, 4:22-cv-00454-BSM, and *Johnson v. ARcare*, 4:22-cv-00571-BSM. *See Hale*, ECF No. 17 (Order granting motion to consolidate). On April 18, 2023, the Court ordered *Engels v. ARcare*, 3:22-cv-00139-BSM to be consolidated here too. *See Engles*, ECF No. 57 (Order consolidating *Engles* with *Hale*).

action or proceeding") (emphasis added), and 233(g)(1)(A) (mandating that deemed PHS employees get "the same" immunity as actual PHS employees).[3]

The concept of substitution simply describes what the PHS Act requires. It affords suit immunity by making the plaintiff's "exclusive" remedy (as to the alleged acts or omissions of the PHS defendant) a claim "against the United States." 42 U.S.C. § 233(a) and (g). Thus, as the Supreme Court recognized in *Hui v. Castaneda*, 559 U.S. 799, 806 (2010), § 233 itself supplies the authority to order the certification of a defendant and the substitution of the United States in his or her place. Courts have made such determinations "pursuant to the ordinary rules of evidence and procedure" under § 233(a) authority long before Congress codified procedures to do so under the Westfall Act of 1988 (*i.e.*, 28 U.S.C. § 2679(d)) and subsequent, similar statutes like 42 U.S.C. § 233(*l*)(2)). *Id.* at 806 n.5, 811 ("while scope certification may provide a convenient mechanism for establishing that the alleged misconduct occurred within the scope of the employee's duties, the procedure authorized by § 2679(d) is not necessary to effect substitution of the United States").[4]

---

[3] *See also Friedenberg v. Lane County*, 68 F.4th 1113 (9th Cir. 2023) (recognizing § 233(g) explicitly affords § 233(a) immunity to deemed PHS employees "to the same extent" it is afforded to actual PHS employees); *Agyin v. Razmzan*, 986 F. 3d 168, 171 (2d Cir. 2021) (holding that a deemed PHS employee receives "the same legal immunity that is extended to employees of the Public Health Service"). The immunity would not be the same, as Congress commands, if deemed PHS defendants did not have procedural safeguards at least comparable to actual PHS defendants. *Cf.* 28 U.S.C. § 2679(d).

[4] This immunity was afforded by the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870–71 (1970), codified at 42 U.S.C. § 233.

The government's assertion here that the Court lack's authority to substitute the United States in place of ARcare also "is contrary to the teachings of the Supreme Court." *Kezer v. Penobscot Cmty. Health Ctr.*, No. 15-cv-225, ECF 42 at 17 (D. Me. Mar. 21, 2019), report and recommendation adopted, ECF No. 51-1 (D. Me. Aug. 15, 2016); *see also C. K. v. United States*, 2020 WL 6684921, at *4 (S.D. Ca. Nov. 12, 2020) (citing *Hui* and rejecting government's assertion—in a case that was initiated in federal court—that "the Court lacks authority" to certify a defendant as acting within the scope of her deemed PHS employment and order the substitution of the United States under § 233(a)); *Moretti v. Letty Owings Center*, et al., Case No. 3:21-cv-1525-SI, 2023 WL 6216279, *5 (D. Or. Sept. 25, 2023) (slip copy) ("courts repeatedly have rejected the argument that they lack authority to assess immunity under § 233 and substitute the United States as a defendant over its objection") (citing, *e.g.*, *C. K.* and *Ford v. Sandhills Med. Found., Inc.,* 2022 WL 1810614, at *4 (D.S.C. June 2, 2022).

For § 233(a) immunity to be what it is—suit immunity—it must be available and enforceable in the suit for which it is asserted. From this basic premise, the Supreme Court has repeatedly stated that immunity determinations ought to be made at the earliest opportunity in the litigation in which an immunity right is asserted. *See Saucier v. Katz*, 533 U.S. 194, 200–01 (2001) ("an immunity from suit rather than a mere defense to liability . . . like an absolute immunity . . . is effectively lost if a case is erroneously permitted to go to trial") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("the essence of absolute immunity is its

possessor's entitlement not to have to answer for his conduct in a civil damages action"); *Hunter v. Bryant*, 502 U. S. 224, 227 (1991) (per curiam) (noting the Court has "repeatedly [] stressed the importance of resolving immunity questions at the earliest possible stage in litigation").

## Conclusion

For the foregoing reasons, and those previously stated, the Court should grant ARcare's motion to substitute the United States in its place.

Respectfully submitted,

Scott A. Irby (99192)
Gary D. Marts, Jr. (2004116)
Andrea L. Kleinhenz (2021216)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
sirby@wlj.com; gmarts@wlj.com;
akleinhenz@wlj.com

/s/ *Matthew S. Freedus*
Matthew Freedus (D.C. Bar # 475887)*
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036
(202) 466-8960;
FAX: (202) 293-8103
mfreedus@feldesemantucker.com
*Admitted pro hac vice*

*Attorneys for Defendant ARcare, Inc.*