IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GREG HALE,** *on behalf of himself*
*and all others similarly situated, et al.*                                              **PLAINTIFFS**

VS.                              NO. 3:22-CV-00117-BSM

**ARCARE, INC.**                                                                         **DEFENDANT**

## MOTION TO STAY AND EXTEND ALL DEADLINES

Defendant ARcare, Inc. ("ARcare"), out of an abundance of caution, moves to stay and extend all deadlines. For its motion, ARcare states:

1. ARcare intends to file—on or before April 8, 2024—an appeal of this Court's March 8, 2024 Order (ECF No. 39), denying ARcare's motion to substitute the United States as the only proper defendant in its place.

2. Although the Court will be divested of jurisdiction during the pendency of the appeal, ARcare—out of an abundance of caution—asks the Court to stay and extend all deadlines set under the Federal Rules of Civil Procedure and its final scheduling order to allow full appellate resolution of ARcare's claim to absolute (suit) immunity under 42 U.S.C. § 233(a).

3. Because ARcare's immunity would be "effectively lost if the case is erroneously permitted to go to trial," ARcare would sustain irreparable injury absent entry of a stay pending appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Brady v. National Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (reversing district court's denial of a stay pending appeal).

4. The four-factor test for a stay pending appeal is met here. *See Nken v. Holder,* 556 U.S. 418, 425–26 (2009) (describing factors considered when assessing motion to stay pending judicial review); *see also Brady*, 640 F.3d at 789. ARcare is likely to succeed on the merits of its appeal, and will be irreparably harmed if subject to the burdens of litigation while its right to official, absolute immunity is determined; neither the Government nor Plaintiffs will be substantially harmed by a stay, and a stay will serve the public interest.

5. ARcare submits in support of this motion an accompanying memorandum brief in support in accordance with Local Rule 7.2(b).

6. ARcare submits in support of this motion excerpts from the transcript of Court's hearing on January 25, 2024.

7. ARcare sought Plaintiffs' position as to this motion, but has yet to receive their response.

WHEREFORE, defendant ARcare, Inc. respectfully requests that the Court enter a stay of proceedings pending final appellate resolution of ARcare's right to immunity from suit; that the Court suspend and extend all deadlines under the Federal Rules of Civil Procedure and its final scheduling order of March 8, 2024; and for all other relief to which it is entitled.

Scott A. Irby (99192)
Gary D. Marts, Jr. (2004116)
Alexander T. Jones (2015246)
Andrea L. Kleinhenz (2021216)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
sirby@wlj.com; gmarts@wlj.com;
ajones@wlj.com; akleinhenz@wlj.com

Matthew Freedus (D.C. Bar # 475887)*
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036
(202) 466-8960;
FAX: (202) 293-8103
mfreedus@feldesemantucker.com

*Admitted pro hac vice*

*Attorneys for Defendant ARcare, Inc.*