**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**GREG HALE,** *on behalf of himself*
*and all others similarly situated, et al.*                    **PLAINTIFFS**

**VS.**                         **NO. 3:22-CV-00117-BSM**

**ARCARE, INC.**                                               **DEFENDANT**

## BRIEF IN SUPPORT OF MOTION TO STAY
## AND EXTEND ALL DEADLINES

### I.      Introduction

This is a putative class action brought against ARcare based on the Court's

consolidation of actions pending against ARcare in the United States District Court

for the Eastern District of Arkansas, including *Engles et al. v. ARcare*, No. 3:22-CV-

00139 (E.D. Ark.), alleging causes of action stemming from the alleged data breach

that took place on or around March 14, 2022, in the referenced case. *See* ECF No.

17; Notice, *Engles, et al. v. ARcare*, No. 22-139-LPR (E.D. Ark. Mar. 28, 2023), ECF

No. 56.

Prior to consolidation, ARcare filed its Notice of Stay in *Engles*, notifying the

Court and the plaintiff that the case was stayed under 42 U.S.C. § 233(*l*)(2) until

the Court has determined whether ARcare is an appropriate defendant in this

action as required by 42 U.S.C. § 233(l)(2). Notice of Stay, *Engles, et al. v. ARcare*,

No. 22-139-LPR (E.D. Ark. June 20, 2022), ECF No. 5.

Subsequently, the Court entered its Order denying the plaintiffs' motion for remand finding "that ARcare is a Public Health Services employee under 42 U.S.C. section 233(a)" and "ARcare provided proper notice . . . to the United States Department of Health and Human Services and the U.S. Attorney for the Eastern District of Arkansas." Order, *Engles, et al. v. ARcare*, No. 22-139-LPR (E.D. Ark. June 20, 2022), ECF No. 55. The Court stated that "[w]hether the United States should be substituted as the proper defendant will be taken up at a hearing that will be set by separate notice. 42 U.S.C. § 233(*l*)(2)." *Id.*

On March 8, 2024, the Court issued an order finding that the United States should not be substituted as the proper defendant in this case, which deprives ARcare of absolute immunity available under 42 U.S.C. § 233(a). *See* Dkt. No. 39. ARcare is appealing that order depriving it from absolute immunity as a final order under 28 U.S.C. § 1291. Although this Court will be divested of jurisdiction pending appeal, ARcare—out of an abundance of caution—moves for a stay of these proceedings pending final appellate resolution of its appeal of the order of March 8, 2024. *See* Fed. R. App. P. 8(a)(1)(A).

## II.    Standard of Review

Courts in the Eighth Circuit apply a four-factor test to determine whether to issue a stay pending appeal. *See, e.g., Brady v. National Football League*, 640 F.3d 785, 789 (8th Cir. 2011) ("[W]e consider four factors in determining whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").

### III.   Analysis

Staying these proceedings to allow for appellate resolution of the availability of absolute immunity to ARcare under 42 U.S.C. § 233 meets the Eighth Circuit standards to warrant a stay. *Brady*, 640 F.3d at 789.

*First*, ARcare has made a strong showing that it is likely to succeed on the merits. This Court has held that it may force substitution of the United States over its objection under 42 U.S.C. § 233. Dkt. No. 39, at 2. Thus, ARcare is appealing only the second finding made by the Court: i.e., that ARcare is immune from suit under 42 U.S.C. § 233. *Id.* On that second point, the Court's ruling concerns a pure question of law: whether the plaintiffs' action resulted from ARcare's performance of "***medical***, surgical, dental, or ***related*** functions." 42 U.S.C. § 233(a) (emphasis added).

As the Court rightly noted, section 233(a) immunity is found when "job functions [. . .] are interwoven with the provision of medical care." Dkt. No. 39, at 4 (quoting *Goss v. United States*, 353 F.Supp.3d 878, 886 (D. Ariz. 2018) (internal quotations omitted)); *Freidenberg v. Lane Cnty.*, 68 F.4th 1113, 1118 (9th Cir. 2023) (recognizing deemed PHS defendants' failure to report violations of court-ordered treatment to be conduct related to the provision of health care services). As the Ninth Circuit found in *Freidenberg*, "[t]he statutory text clearly shows that

immunity is not tied to whether the trot transpired in caring for the patient.
Rather, the language illustrates that as long as a claim is *derived* from providing
services to subjects of the healthcare provider, the deemed PHS employee is
immune from suit." 68 F.4th at 1127 (emphasis in original).

As the Court noted, the parties do not dispute that ARcare was a deemed
PHS employee during the relevant time period. Dkt. No. 39, at 4.

And as the Court noted, the Eighth Circuit has not addressed "whether
section 233(a) immunity applies to a claim for failure to secure and protect
confidential patient information." However, numerous district courts have held
233(a) immunity does apply to such claims. *E.g., Moretti v. Letty Owings Center*,
2023 WL 6216279 (D. Ore. Sept. 25, 2023) (applying *Freidenberg*'s construction of
"related functions" by employing canon of presumption against superfluity);
*Krandle v. Refuah Health Center, Inc.*, No. 22-cv-4977, 2024 WL 10753599 (S.D.N.Y.
Mar. 12, 2024) (holding that a "[deemed health center]'s alleged duty to safeguard
PII and PHI is a 'medical [. . .] or related function,'" and rejected contrary holding in
*Marshall v. Lamoille Health Partners, Inc.,¸*No. 22-cv-166, 2023 WL 2931823 (D. Vt.
Apr. 13, 2023)); *but see Ford v. Sandhills Medical Foundation, Inc.*, No. 22-2268,
2024 WL 1335202 (4th Cir. Mar. 29, 2024).

As the Second Circuit has held, a deemed PHS employee "is entitled to
immunity from suit and to substitution of the United States as the defendant if this
suit concerns actions he took within the scope of his employment as a deemed
federal employee." *Agyin v. Razmzan*, 986 F.3d 168, 184 (2d Cir. 2021) (citing 42

4

U.S.C. § 233(a)). Administrative functions have been held to be sufficiently "related" to medical treatment as to trigger section 233(a) immunity. *Mele v. Hill Health Center*, 609 F.Supp.2d 248, 256 (D. Conn. 2009). Maintaining HIPPA-complaint confidential medical records is a related function to the provision of medical care because it is distinctly connected and necessary to the provision of medical care. Thus, because substantial caselaw supports ARcare's position concerning the application of section 233(a) immunity, ARcare has made a strong showing that it is likely to succeed on the merits. *Brady*, 640 F.3d, at 789.

*Second*, ARcare will sustain irreparable injury absent a stay pending final appellate resolution. Section 233(a) immunity constitutes immunity from suit, rather than a mere defense to liability. Indeed, as this Court has found, an entirely separate party-defendant would be substituted in ARcare's stead if ARcare's immunity is sustained. Dkt. No. 39, at 3 ("[T]he United States can be ordered to substitute for ARcare if ARcare is immune from suit under section 233(a)"). Thus, ARcare's immunity would be "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

*Third*, issuance of a stay benefits all parties to the action. As plaintiffs argued at the hearing, resolution of ARcare's immunity is "a threshold issue that needs to be decided before we get to the meat of the case." Ex. 1, Hearing Transcript, at p. 4, l. 19-21. In response, the Court noted the wisdom of a allowing a stay for the pendency of the resolution of the immunity question. *Id.*, at p. 4, l. 22, to p. 5, l. 2. ("[E]ssentially, what we've had in place is a stay. I'm not forcing you to

proceed on the other issues that are involved in this case."). In addition to the irreparable injury that ARcare would sustain if forced to proceed to trial despite having absolute immunity, Plaintiffs too could be harmed by delayed resolution of the immunity issue. Plaintiffs could be forced to fully litigate a case only later to find the proper party-defendant had never been made party-defendant to the action. And Plaintiffs could be forced to undergo costly and duplicative discovery once that subsequently-substituted party joined the action. Thus, Plaintiffs too will benefit from a stay pending appeal.

*Fourth*, the public interest is best-served by a stay of proceedings pending appellate resolution. Proper determination of the correct party-defendant in this case best promotes judicial economy and predictability. Given that this matter presents an issue of first impression within the Eighth Circuit, the public interest is promoted by appellate determination of the immunity question at issue in this case.

## IV.    Conclusion

For the above reasons, each of the *Brady* factors is met. Accordingly, the Court should enter a stay of proceedings pending final appellate resolution of the issue of ARcare's immunity from suit under 42 U.S.C. § 233(a).

Therefore, ARcare asks the Court to enter an order staying and extending all deadlines, including those for responsive pleadings, discovery, and all dates contained in the Court's final scheduling order of March 8, 2024. Dkt. No. 40.

ARcare would request that the Court's order provide that such a stay would remain in place until such time as the action is remanded from the United States

Circuit Court of Appeals for the Eighth Circuit back to the United States District

Court for the Eastern District of Arkansas.

Scott A. Irby (99192)
Gary D. Marts, Jr. (2004116)
Alexander T. Jones (2015246)
Andrea L. Kleinhenz (2021216)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
sirby@wlj.com; gmarts@wlj.com;
ajones@wlj.com; akleinhenz@wlj.com

Matthew Freedus (D.C. Bar # 475887)*
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036
(202) 466-8960;
FAX: (202) 293-8103
mfreedus@feldesemantucker.com

*Admitted pro hac vice*

*Attorneys for Defendant ARcare, Inc.*

7