IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GREG HALE,** *on behalf of himself and all others similarly situated, et al.*                          **PLAINTIFFS**

VS.                       NO. 3:22-CV-00117-BSM

**ARCARE, INC.**                                        **DEFENDANT**

## NOTICE OF APPEAL

Notice is hereby given that defendant ARcare, Inc. ("ARcare") hereby appeals to the United States Court of Appeals for the Eighth Circuit this Court's Order dated March 8, 2024 (ECF No. 39) (the "Order"), to the extent it denies ARcare's motion to substitute the United States in its place as the only proper defendant in this action.

Because the Order deprives ARcare of absolute immunity under 42 U.S.C. § 233(a), it is immediately appealable as a final order under 28 U.S.C. § 1291 and the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949) (courts of appeals may consider decisions or orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (recognizing that § 233(a) grants absolute immunity to Public Health Service ("PHS") officers and employees for certain conduct within the scope of their employment by barring all actions

against them); *Osborn v. Haley*, 549 U.S. 225, 239 (2007) (recognizing immediate review of orders denying substitution of the United States); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (stating immunity "is effectively lost if a case is erroneously permitted to go to trial" against the immune official); *see also Friedenberg v. Lane County*, 68 F.4th 1113, 1118 (9th Cir. 2023) ("PHS employees are granted immunity from certain claims arising out of their performance of 'medical, surgical, dental or related functions' within the meaning of 42 U.S.C. § 233(a)). Further, immediate appellate review is appropriate because the Order turns solely on a question of law. *Mitchell*, 472 U.S. at 530 (holding that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment"); *see also, e.g.*, *Wright v. South Arkansas Regional Health Center, Inc.* 800 F.2d 199, 202 (8th Cir. 1986) ("Rejection of a claim of absolute immunity, for example, is immediately appealable").

| | |
|---|---|
| April 5, 2024 | Respectfully submitted,<br><br>Scott A. Irby (99192)<br>Gary D. Marts, Jr. (2004116)<br>Alexander T. Jones (2015246)<br>Andrea L. Kleinhenz (2021216)<br>WRIGHT, LINDSEY & JENNINGS LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, Arkansas 72201-3699<br>Phone: (501) 371-0808<br>Fax: (501) 376-9442<br>sirby@wlj.com; gmarts@wlj.com;<br>ajones@wlj.com; akleinhenz@wlj.com<br><br>/s/ *Matthew S. Freedus*<br>Matthew Freedus (D.C. Bar # 475887)*<br>FELDESMAN LEIFER LLP<br><br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036<br>Phone: (202) 466-8960<br>Fax: (202) 293-8103<br>mfreedus@feldeseman.com<br>**Admitted pro hac vice*<br><br>*Attorneys for Defendant ARcare, Inc.* |