IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| **GREG HALE, ALICIA GILMORE, MICHAEL WHITKANACK, AND JESSICA WHITE, on behalf of themselves and all others similarly situated, et al.**<br><br>**PLAINTIFFS**<br><br>V.<br><br>**ARCARE, INC.**<br><br>**DEFENDANT** | Case No.: 3:22-CV-117-BSM<br><br>Judge Brian S. Miller<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY** |

1.  Plaintiffs hereby respectfully submit their Opposition to Defendant's Motion to Stay (the "Motion") (Dkt. 43). The gravamen of Defendant's Motion rests on the basis that Defendant is currently appealing the Court's decision regarding its decision to deny Defendant's Motion to Substitute the United States or, in the alternative, to Dismiss the Case ("Motion to Substitute") (Dkt. 39). As detailed in the briefing on Defendant's Motion to Substitute, the precise question on appeal is whether absolute immunity applies under 42 U.S.C. § 233(a) to a health center from its failure to properly safeguard patient information (i.e., in the data breach context). The Court rightly answered with a resounding "No." *See* Dkt. 33. The Court's holding has been further confirmed by courts, including the Fourth Circuit, across the country. *See, e.g., Ford v. Sandhills Med. Found., Inc.*, 97 F. 4th 252, 257 (4th Cir. 2024). [1] This case is no different, and a stay will only further delay the adjudication of this matter (which has already been pending for

---

[1] Notably, the *Ford* Decision states this Court's own holding—i.e., "damages arising from a data security breach do not 'occur [] during the course of medical treatment within the context of the provider-patient relationship' more closely aligns with the language of §233(a).

1

approximately two years) and impede the purposes of Fed. R. Civ. P. 1 – the "just speedy, and inexpensive determination of every action and proceeding."

  **A. Standard of Review**

  2. The issuance of a stay is a matter of judicial discretion and dependent on the particular facts of each case. *See, e.g., Hilton v. Braunskill*, 481 U.S. 770, 777 (1987); *Virginia Ry. v. United States*, 272 U.S. 658, 672-73 (1926). A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The party seeking a stay pending appeal must show (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest." *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982) (the "Eighth Circuit Factors").

  **Defendant Has Failed to Show That The Eighth Circuit Support a Stay**

  3. Defendant has not met its burden as to the Eighth Circuit Factors. First, Defendant is unlikely to succeed on appeal. *See Ford*, 97 F. 4th at 257. Recently, the Fourth Circuit Court of Appeals unequivocally held § 233(a) does not apply as to warrant immunity for a healthcare provider who receives federal funding in the data breach context: "[b]ased on the plain language of § 233(a), data security is not a related function within the meaning of the statute." *Id.*, at 258. The Fourth Circuit's decision is bolstered by district court decisions across the country. *Marshall v. Lamoille Health Partners, Inc.*, 2:22-cv-166, 2023 WL 2931823, at *1 (D. Vt. Apr. 13, 2023); *Blumberger v. California Hosp. Med. Ctr.*, No. 2:22-cv-06066, 2022 WL 16698682, at *3 (C.D. Cal. Nov. 2, 2022). Accordingly, the facts here and the facts in the *Ford* decision are very similar

in the context of § 233(a). Therefore, the Eighth Circuit's holding, in pertinent part, should mirror the Fourth Circuit's decision in *Ford.* The Defendant "has not shown how [it] is likely to succeed on appeal, but only that [it] disagrees with the order" denying the Motion to Substitute. *Smith v. SEECO, Inc.,* No. 4:14CV00435 BSM, 2016 WL 10587124, at *1 (E.D. Ark. Aug. 3, 2016)

4. Second, Defendant will not be harmed by allowing this case to move forward and be adjudicated on the merits. As explained above, Defendant's argument under § 233(a) is unlikely to succeed and Defendant will still be allowed to raise any other arguments and defenses it may have with respect to class certification or the merits of this matter. Further, discovery with regard to the breach of ARcare's data systems will be needed regardless of who the actual defendant is in this litigation.

5. Third, ARcare has not adequately shown how it would be harmed if the parties are allowed to proceed into discovery, but Plaintiffs will be irreparably harmed if the stay is granted. As stated above, this case has been pending for two years. As this Court is aware, the more time that passes, the more stale evidence and witnesses become. See, *Smith*, 2016 WL 10587124, at *1.

6. Fourth, public interest, including the approximately 300,000 class members in this matter, supports the speedy resolution of this matter. The public has an undoubtedly strong and viable interest in ensuring its courts prosecute matters in a prompt manner. Another delay, after two years, runs counter to this ideal.

**B.  Conclusion**

7. Defendant's request for a stay is nothing more than "another attempt to delay and prolong litigation, which adds costs and attempts to derail this case." *Id*. For the reasons stated, the Court should deny Defendant's Motion to Stay and order this matter to proceed towards discovery.

Respectfully submitted,

Dated: _April 19, 2024__          __*s/ Jean S. Martin*
Jean Martin (admitted *pro hac vic*e)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908
*Jean.martin@forthepeople.com*

Bryan L. Bleichner (*admitted pro hac vice*)
Philip J. Krzeski (*pro hac vice forthcoming*)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Ste. 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
*bbleichner@chestnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

*Interim Co-Lead Class Counsel*

**CERTIFICATE OF SERVICE**

    The undersigned counsel hereby certifies that the foregoing document is being served via the Court's CM/ECF system on all counsel of record who consent to electronic service or, otherwise, as required by local and federal rules.

Dated: April 19, 2024                          */s/ Jean Martin*
                                                                    Jean Martin