**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

|  |  |
|---|---|
| **GREG HALE, ALICIA GILMORE, MICHAEL WHITKANACK, AND JESSICA WHITE**, on behalf of themselves and all others similarly situated, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>**ARCARE, INC.,**<br><br>*Defendant*. | Case No. 3:22-cv-00117-BSM |

**JOINT DECLARATION OF PROPOSED CLASS COUNSEL IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT**

We, Bryan L. Bleichner and Jean S. Martin, being competent to testify, declare as follows:

1.     We are counsel for Plaintiffs[1] in the above-captioned case. This Joint Declaration supports Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

**Background of the Litigation and Settlement Negotiations**

2.     This litigation arises out of data security incident that impacted Defendant Arcare, Inc.'s systems between January 18 and February 24, 2022. On May 10, 2022, Plaintiff Greg Hale filed the first class action complaint for claims arising from the Data Incident in the United States District Court for the Eastern District of Arkansas. Shortly after, four other class actions were filed against Defendant based on the same Data Incident giving rise to Plaintiff Hale's action.

3.     The material allegations of the complaints centered on whether Defendants had

---

[1] All capitalized terms herein shall have the same meaning as those defined in the Settlement Agreement.

provided inadequate data security for personal information in their possession. On July 26, 2023, Defendant filed a Motion to Substitute the United States or, in the alternative, a Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint.

4. The Parties fully briefed the Motions and the Court heard oral arguments. On March 8, 2024, the Court entered an Order denying Defendant's Motion. On April 5, 2024, Defendant filed its Notice of Appeal and on February 13, 2026, the United States Court of Appeals for the Eighth Circuit affirmed this Court's ruling.

5. Following the appeal, the Parties began negotiations to resolve the dispute. The Parties agreed to mediation with the experienced mediator, the Honorable Wayne Anderson (ret.). Judge Anderson has extensive experience in mediating and managing multiparty and multifaceted cases, including data breaches.

6. Prior to mediation, the Parties met and conferred regarding informal discovery. Defendants provided documents and information that allowed Plaintiffs' counsel to engage in informed settlement negotiations and evaluate settlement proposals, including information regarding the size of the Settlement Class, the categories of personal information potentially exposed, the nature and scope of the Data Incident, Defendant's security enhancements already implemented, potential damages, and Defendants' potential liability exposure.

7. Additionally, prior to mediation, Plaintiffs conducted research concerning other similar data breach settlements to compare with the settlement proposals to determine whether the instant Settlement compares favorably with other cases. Plaintiffs shared the comparable settlements with Defendant's Counsel along with a detailed mediation brief outlining their position and settlement demand. Defendant's Counsel similarly shared a detailed mediation brief outlining their respective position. This information was sufficient to facilitate informed settlement

discussions among the Parties at mediation.

8.      Following a full-day mediation session and hard-fought, arms'-length negotiations, the Parties ultimately reached an agreement in principle. Following mediation, the Parties continued negotiations to work out the details of the Settlement Agreement now before the Court. These negotiations involved great compromises by both Parties. The Parties did not discuss attorneys' fees and expenses or service awards prior to agreeing to the essential terms of the Settlement.

<strong><u>The Settlement Terms and Benefits</u></strong>

9.      The Settlement Agreement provides for the establishment of a $3,900,000 non-reversionary common fund that will fund monetary relief to the Class, as well as administrative expenses, Service Awards to Class Representatives, and Attorneys' fees and expenses.

10.     The Settlement Fund will provide relief to the Settlement Class in several monetary and non-monetary ways. Settlement Class Members are eligible for (1) reimbursement for documented out-of-pocket losses related to the Data Incident up to $5,000; or (2) an alternative pro rata cash payment estimated to be $100. In addition, all Settlement Class Members may claim one year of CyEx's Medical Shield Complete with up to $1,000,000 of identity theft insurance. Finally, Defendant has agreed to substantial business practices changes related to data security.

11.     The Settlement was reached in the absence of collusion, and is the product of good faith, informed, and arm's-length negotiations by competent counsel with the assistance of Judge Anderson at mediation.

12.     The Parties did not negotiate attorneys' fees, costs, or service awards until after the agreement was reached on all material terms affecting relief to the Settlement Class. The Settlement fund is non-reversionary, meaning no portion will revert to Defendant. Class Counsel

believe these facts demonstrate that the Settlement was negotiated free from collusion.

13. Subject to Court approval, the Parties selected Verita Global ("Verita") to serve as the Settlement Administrator. Verita has substantial experience administering class and collective action settlements. The Parties selected Verita based on its experience administering large class action settlements, its anticipated reach rates, the scope of services offered, and overall cost effectiveness for this case.

14. Settlement Class Members will receive notice of the Settlement by mail and email in accordance with the Settlement Agreement. The Notice program is designed to provide Rule 23 Settlement Class Members with clear and concise information regarding the Settlement, their rights under the Settlement, and their options to participate, object, or opt-out.

15. In accordance with the Settlement Agreement, Verita will also establish and maintain a settlement website where Settlement Class Members can easily obtain more information, view court documents including the Settlement Agreement, and contact the administrator or Plaintiff's Counsel with questions.

16. Based on our substantial experience administering and litigating class and collective actions, we believe the proposed Notice Program is reasonably calculated to provide notice to Settlement Class Members and satisfies due process requirements.

17. As part of the Settlement, Defendants and/or its insurer have the resources to pay for the proposed settlement.

### **The Proposed Settlement is Fair, Reasonable, and Adequate**

18. Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay.

19. Class Counsel believe the claims asserted are meritorious and that Plaintiffs would

prevail if this matter proceeded to trial.

20.    Defendants deny liability, believe they acted in good faith and in compliance with the law, and would prevail in opposing class certification and on the merits at trial. With continued litigation, the putative class would undoubtedly have a long wait for their recovery, if any recovery is obtained at all.

21.    Based on our extensive experience litigating and resolving numerous data breach class actions, we evaluated this Settlement against other settlements involving similar allegations, class sizes, categories of exposed information, and litigation risks. In our judgment, the relief available under this Settlement compares favorably to relief obtained in similar data breach settlement and provides substantial value to Settlement Class Members.

22.    Thus, in Class Counsel's experience and informed judgment, the Settlement represents an excellent recovery, and the Settlement benefits outweigh the risks and uncertainties of continued litigation, including the risks, time, and expenses associated with completing a trial and any continuing appellate review. The Settlement Fund offers real monetary benefits to Settlement Class Members who submit claims, including reimbursement of documented monetary losses, cash payments, and identity theft and credit monitoring services. Defendants also agreed to certain business practice changes related to information security to safeguard personal information of the Class that remain in Defendants' possession.

23.    The Settlement has the support of Plaintiffs' Counsel and Defendants' Counsel.

## The Settlement Class Has Been Vigorously Represented

24.    Plaintiffs' counsel has vigorously represented the Settlement Class and will continue to do so after Preliminary Approval and Final Approval.

25.    Proposed Class Counsel have diligently identified, investigated, and prosecuted the

5

claims in this Action, have dedicated substantial resources to the investigation and litigation of those claims, and have successfully negotiated the Settlement of this Action to the benefit of Plaintiffs and the Settlement Class.

26.     To date, for example, Class Counsel have: (i) conducted a thorough pre-suit investigation that resulted in the preparation of a detailed complaint and later amended that pleading; (ii) gathered Plaintiffs' documents and reviewed other relevant class-related information; (iii) requested and reviewed pertinent information via informal discovery for mediation; (iv) consulted with experts, prepared written discovery and a detailed mediation statement; (v) participated in Defendant's appeal; (vi) participated in mediation and settlement discussions, achieving a favorable Settlement for the Settlement Class; and (vii) negotiated a comprehensive Settlement Agreement that includes a robust Notice Program, well-crafted Notices and Claim Form, and an easy to understand Claims process.

27.     Additionally, neither Plaintiffs nor Class Counsel have any conflicts of interest with the Settlement Class.

### The Settlement is the Product of Good-Faith, Informed, and Arm's-Length Negotiations

28.     The Settlement is the result of the Parties' arm's-length negotiations facilitated by experienced mediator the Honorable Wayne Anderson (ret.). Moreover, the Parties' Counsel are all attorneys familiar with class action litigation; particularly experienced in the litigation, certification, trial, and settlement of class actions, including data breach cases; and knowledgeable of the legal and factual issues at the center of this Action.

### Risks of Further Litigation

29.     Class Counsel are confident in the strength of Plaintiffs' case. However, they are also pragmatic about the risks and challenges. There are uncertainties in litigating the case through

class certification, summary judgment, and trial. Class Counsel are also aware of the risks inherent in any appeal and subsequent proceedings following a successful trial verdict. Indeed, to date, there has already been one appeal filed resulting in additional litigation and significant delays. Under the circumstances, Class Counsel determined the Settlement outweighs the risks of continued litigation.

## Class Certification is Warranted

30.     The numerosity requirement is satisfied because the Settlement Class has approximately 345,000 members, and joinder of all is impracticable.

31.     Plaintiffs have asserted multiple questions of law and fact that Plaintiffs allege are common to the Settlement Class, are alleged by Plaintiffs to have injured all Settlement Class members in the same or similar way, and that Plaintiffs allege would generate common answers.

32.     Plaintiffs' interests are coextensive with, and not antagonistic to, the interests of the Settlement Class, because Plaintiffs and the absent Settlement Class members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests.

## Proposed Class Counsel Are Experienced and Well-Qualified

33.     Proposed Class Counsel are experienced leaders in the class action field, and each attorney has extensive experience prosecuting data breach class actions, including specifically data breach litigation, which has helped them to obtain the Settlement here.

34.     Proposed Class Counsel collectively have decades of experience prosecuting complex class actions, including numerous data breach class actions. Class Counsel have served as lead or co-lead counsel in data breach actions throughout the United States, and have obtained substantial settlements for consumers whose personal information was compromised.

35. The firm resume of Chestnut Cambronne, PA is attached as **Exhibit A.**

36. The firm resume of Aylstock, Witkin, Kreis, Overholtz, PLC is attached as **Exhibit B**.

37. This case has been litigated for over four years. During that time, Class Counsel has devoted substantial time and resources and will continue to do so through Final Approval of the Settlement. Class Counsel's efforts include diligently identifying, investigating, and prosecuting the claims in this litigation. Class Counsel have prosecuted this Action on a contingent basis, receiving no compensation to date.

38. Plaintiffs allege that the fact and liability questions common to all Settlement Class members outweigh any possible issues that are individual to some Settlement Class members.

### A Class Representative Service Award of $2,500 to Each Plaintiff is Reasonable

39. The proposed Class Representatives, Greg Hale, Alicia Gilmore, Michael Whitkanack, and Jessica White have been active participants in this case, stayed informed about this litigation, reviewed and approved the settlement demand, final settlement amount, and Settlement Agreement, and have spent substantial time and effort protecting the Class's interests throughout this litigation. Their efforts include assisting in the investigation of the Action, reviewing pleadings, maintaining contact with Class Counsel, reviewing case documents, assisting with discovery, and answering Class Counsel's many questions. Additionally, this case has been litigated for over four years, and Class Representatives remained available throughout that time, including during the appellate period. Class Representatives understand and have taken their responsibilities of serving as Class Representatives seriously and, through their efforts, were able to achieve a substantial common fund Settlement.

40. Class Representatives have no conflicts of interest with other Settlement Class

members, are subject to no unique defenses, and they have and continue to vigorously prosecute this case on behalf of the Settlement Class. Indeed, Class Representatives have been victims of the same Data Incident and share common interest with the Settlement Class. Accordingly, the requested $2,500.00 Service Award to each Class Representative is reasonable given the efforts of each Class Representative on behalf of the Class in this matter.

41.    The Service Awards are meant to recognize the Class Representatives for their efforts on behalf of the Settlement Class, including assisting in the investigation of the case, reviewing the pleadings, remaining available for consultation throughout the mediation and settlement negotiations, answering Class Counsel's many questions, and reviewing the terms of the Settlement Agreement.

42.    Each Plaintiff has discussed, verified, and approved the settlement, and strongly endorses this settlement.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2026.

*/s/ Bryan L. Bleichner*
Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**

*/s/ Jean S. Martin*
Jean S. Martin
**AYLSTOCK WITKIN**
**KREIS & OVERHOLTZ PLC**

9

# Exhibit A



**CHESTNUT CAMBRONNE FIRM RESUME**

For over 50 years, Chestnut Cambronne PA has been representing clients in class action litigation both in the Twin Cities area and at a national level. Since its inception, Chestnut Cambronne has been engaged in complex litigation throughout the country and has successfully both prosecuted and defended class litigation addressing substantive legal questions in the fields of data security breaches, securities, ERISA, banking, antitrust, and consumer protection law. Representative class action cases in which the firm and its members have been involved with over the past several years include:

*In Re: Change Healthcare, Inc. Customer Data Security Breach Litig.*, No. 24-md-03108 (D. Minn.). A pending multi-district class action against Change Healthcare and United Healthcare, Inc. This is one of the biggest data breaches in United States history. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel over the patient track.

*In re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.). A pending class action against Berry, Dunn, McNeil & Parker, LLC, a Maine-based accounting firm, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Signature Performance,* Case No. 8:24-cv-00252-BCB-RCC (D. Neb.). A pending class action against Signature performance, a Nebraska-based health consulting firm, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Loancare Data Breach Litigation,* Case No. 3:23-cv-01508 (M.D. Fla.). A pending class action against Loancare, Inc., a Florida-based mortgage provider, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

1

*In re ESO Solutions, Inc. Data Breach Litigation*, Case No. 1:23-cv-01557 (W.D. Tex.). A pending class action against ESO Solutions, Inc., a Texas-based hospital software solutions provider, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Cahill v. Memorial Heart Institute, LLC*, Case No. 1:23-cv-168 (E.D. Tenn.). A pending class action against Memorial Heart Institute, a Tennessee-based healthcare network, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Clauson v. Arrowhead Regional Computing Consortium*, Case No. 24-cv-131 (D. Minn.). A pending class action against Arrowhead Regional Computing Consortium, a Minnesota-based payroll service provider. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Peoples Bank, as a Successor to Limestone Bank, Data Breach Litig.*, No. 2023-cv-03043 (S.D. Ohio). A pending class action against Peoples Bank, an Ohio-headquartered bank, alleging negligence and other claims in a data security breach. Philip J. Krzeski was court appointed as Interim Co-Lead Counsel.

*In re Weirton Medical Center Data Breach Litigation*, No. 5:24-cv-61 (N.D.W.Va.). A pending class action against Weirton Medical Center, a West Virginia-based hospital network, alleging negligence and other claims in a data security breach. Philip J. Krzeski was court appointed as Interim Co-Lead Counsel.

*In re Cinfed Data Breach Litigation*, No. 23-cv-00776 (S.D. Ohio). A pending class action against Cinfed Credit Union, a Cincinnati-based credit union, alleging negligence and other claims in a data security breach. Philip J. Krzeski was court appointed as Interim Co-Lead Counsel.

*In re R&B Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.). A pending class action against a R&B Corporation of Virginia, a Virginia-based collections company, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re: Group Health Plan Litigation*, Case No. 23-cv-00267 (D. Minn.). A pending class action against Group Health Plain, a Minnesota-based healthcare network, alleging wiretapping claims stemming from a Facebook pixel. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.). A pending class action on behalf of a putative class of consumers against Receivables Performance Management, LLC, a Washington-based debt collection company, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re OrthoAlaska Data Breach Litigation*, No. 3:23-cv-00242 (D. Alaska). A pending class action against Orthoalaska, an Alaska-based orthopedic clinic, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Regents of the University of Minnesota Data Litigation*, Case No. 27-cv-23-14056 (Hennepin County, Minnesota). A pending class action against the University of Minnesota, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed to the Interim Plaintiffs' Steering Committee.

*In re DISH Network Data Breach Security Litigation*, Case No. 1:23-cv-01168 (D.Col.). A pending class action against DISH Network, a Colorado-based cable company, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Whitworth Data Breach Security Litigation*, Case No. 2:23-cv-00179-SAB (E.D. Wash.). A pending class action against Whitworth University, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Rasmussen, et al., v. Uintah Health Care Basin*, 2:23-cv-0322 (Dt. Ut.). A pending class action on behalf of patietns against healthcare network Uintah Health Care Basin, a Utah-based healthcare network, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.). A pending class action on behalf of a putative class of consumers against Yuma Regional Medical Center, an Arizona healthcare network, and related entities alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

3

*Anderson v. Fortra LLC*, No. 23-cv-00533 (D. Minn.). A pending class action on behalf of a putative class of consumers against Fortra LLC, a cybersecurity vendor, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In Re: Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210-SRN-LIB (D. Minn.). A pending class action on behalf of a putative class of consumers against Netgain Technology alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Hale, et al., v. ARcare, Inc.*, No. 3:22-cv-00117 (E.D. Ark.). A pending class action on behalf of a putative class of consumers against ARcare, an Arkansas healthcare network, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re CCM Health Data Security Litigation*, Case No. 12-cv-24-169 (Chippewa County). A pending class action on behalf of a putative class of patients against CCM Health, a Minnesota-based healthcare network, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Tift Regional Health System, Inc. Data Breach Litig.*, No. 2023cv0313 (Tift County, Georgia). A pending class action on behalf of a putative class of patients against Tift Regional Health System, a Georgia-based healthcare network, alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Rodriguez v. Mena Regional Hospital Commission d/b/a Mena Regional Health System*, No. 2:23-cv-2002 (W.D. Ark.). A pending class action on behalf of a putative class action on behalf of medical patients against Mena Regional hospital Commission, an Arkansas Healthcare Network alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*DeSue v. 20/20 Eye Care Network, Inc.*, No. 21-cv-61275-RAR (S.D. Fla.). A settled class action on behalf of a putative class of consumers against 20/20 Eye Care Network alleging negligence and other claims in a data security breach. Bryan L. Bleichner was count appointed as Interim Co-Lead Counsel.

4

*Baker v. Parkmobile, LLC,* No. 21-cv-2181-SCJ (N.D. Ga.).  A pending class action on behalf of a putative class of consumers against Parkmobile, LLC alleging negligence and other claims in a data security breach.  Bryan L. Bleichner was court appointed to the Interim Plaintiffs' Steering Committee.

*Garrett v. Herff Jones, LLC,* No. 21-cv-01329-TWP-DLP (S.D. Ind.).  A settled class action on behalf of a putative class of consumers against Herff Jones alleging negligence and other claims in a data security breach.  Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re EyeMed Vision Care, LLC Data Security Breach Litigation,* No. 21-cv-00036-DRC (S.D. Ohio).  A pending class action on behalf of a putative class of consumers against EyeMed alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 20-cv-00908-MRB (S.D. Ohio).  A pending class action on behalf of a putative class of consumers against Luxottica alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*Greenstate Credit Union v. Hy-Vee, Inc.,* No. 20-cv-00621-DSD-DTS (D. Minn.).  A settled class action on behalf of a putative class of financial institutions against Hy-Vee alleging negligence and violations of the Minnesota Plastic Card Security Act in a data security breach.  Bryan L. Bleichner served as co-counsel.

*Village Bank v. Caribou Coffee Company, Inc.*, No. 19-cv-01640-JNE-HB (D. Minn.). A settled class action on behalf of a putative class of financial institutions against Hy-Vee alleging negligence and violations of the Minnesota Plastic Card Security Act in a data security breach.  Bryan L. Bleichner served as court appointed settlement class counsel.

*In re WaWa, Inc. Data Security Litig.,* No. 19-cv-6019-GEKP (E.D. Pa.).  A pending class action on behalf of a putative class of financial institutions against WaWa, Inc. alleging negligence and other claims in a data security breach.  Bryan L. Bleichner serves on the Financial Institution Track Defendant Discovery and ESI Committee

*In re: Equifax, Inc., Customer Data Security Breach Litigation,* No. 17-md-2800-TWT (N.D. Ga.).  A settled class action on behalf of a putative class of financial institutions against Equifax alleging negligence and other claims in a data security

breach.   Bryan L. Bleichner was court appointed to the Financial Institution Plaintiffs' Steering Committee.

*Midwest Am. Fed. Credit Union v. Arby's Rest. Grp. Inc.*, No. 17-cv-00514-AT (N.D. Ga.). A settled class action on behalf of a putative class of financial institutions against Arby's alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed to the Interim Plaintiffs' Executive Committee.

*Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo.).  A settled class action on behalf of a putative class of financial institutions against Chipotle alleging negligence and other claims in a data security breach. Bryan L. Bleichner was court appointed to Chair of the Executive Committee.

*First Choice Fed. Credit Union et al. v. The Wendy's Company et al.*, No. 2:16-cv-00506 (W.D. Pa.).  A resolved class action on behalf of a putative class of financial institutions against Wendy's alleging negligence and other claims in a data security breach.  Bryan L. Bleichner was court appointed to the Executive Committee.

*In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.).  This is a resolved putative class action against The Home Depot alleging negligence and other claims in a data security breach affecting 56 million consumers and tens of thousands of financial institutions.  Bryan L. Bleichner was court appointed to the Financial Institution Plaintiffs' Steering Committee.

*In re: Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522 (PAM/JJK) (D. Minn. December 26, 2013).  This is a settled class action against Target Corporation alleging negligence and violations of the Minnesota Plastic Card Security Act in a data security breach affecting 70 million consumers and tens of thousands of financial institutions.  Chestnut Cambronne served as Co-Lead Counsel for the Financial Institution Class and Coordinating Lead Counsel for Plaintiffs.

*In re Pawn America Consumer Data Breach Litigation*, No. 21-cv-2544-PJS-HB (D. Minn.).  A pending class action on behalf of a putative class of consumers against Pawn America and related entities alleging negligence and other claims in a data security breach.  Bryan L. Bleichner was court appointed as Interim Co-Lead Counsel.

*In re Wasserstrom Holdings, Inc., Data Breach Litigation*, Case No. 3:23-cv-2424 (S.D. Ohio). A pending class action against Wasserstrom Holdings, Inc., an Ohio-based restaurant supplier, alleging negligence and other claims in a data security breach. Philip J. Krzeski was court appointed as Interim Co-Lead Counsel.

*Kobor v. Skidmore College*, No. 1:23-cv-01392 (N.D.N.Y.). A pending class action against Skidmore College, alleging negligence and other claims in a data security breach. Philip J. Krzeski was court appointed as Interim Co-Lead Counsel.

*In re Precision Imagining,* No. 16-2023-CA-00931 (Duval County, Florida). A pending class action against Precision Imagining, a Florida-based imagining company, alleging negligence and other claims in a data security breach. Philip J. Krzeski was court appointed as Interim Co-Lead Counsel.

*Phillips v. Bay Bridge Administrators, LLC*, No. 1:23-cv-022 (W.D. Tex.). A pending class action on behalf of a putative class of consumers against an insurance administrator alleging negligence and other claims in a data security breach. Philip J. Krzeski was court appointed as Executive Committee Counsel.

*Lutz v. Electromed, Inc.*, No. 21-cv-2198-SRN-DTS (D. Minn.).  A settled class action on behalf of a putative class of consumers against Electromed alleging negligence and other claims in a data security breach.  Chestnut Cambronne prosecuted the matter with two additional plaintiffs' law firms.

*Walker v. Nautilus, Inc.*, No. 20-cv-3414-EAS-EPD (S.D. Ohio).  A settled consumer protection class action against Nautilus, Inc. alleging Defendant materially misrepresented the horsepower produced by the electric motors in its treadmills. Chestnut Cambronne served as Plaintiffs' counsel.

*In re DPP Beef Litig.*, No. 20-cv-1319-JRT/HB (D. Minn.).  A pending class action on behalf of a putative class of direct purchasers against beef product producers alleging claims of price fixing.  Chestnut Cambronne serves as Plaintiffs' Counsel.

*Alicia Schaeffer v. Life Time Fitness, Inc. et al.*, No. 27-cv-20-10513 (Minn. 2020).  A class action on behalf of a putative class of group fitness instructors against Life Time Fitness, Inc. alleging Defendants refused to compensate Plaintiff and class members for work performed for their employer's benefit.  Chestnut Cambronne served as Plaintiffs' counsel.

*Teeda Barclay v. Icon Health & Fitness, Inc., et al.*, No. 19-cv-02970-ECT-DTS (D. Minn.). A pending consumer protection class action against Icon Health & Fitness and NordicTrack alleging Defendants materially misrepresented the horsepower produced by the electric motors in its treadmills. Bryan L. Bleichner currently serves as Plaintiffs' counsel.

*In re Resideo Technologies, Inc. Securities Litig.*, No. 19-cv-02863-WMW-KMM (D. Minn.). A settled shareholder class action against Resideo and its directors and officers for failing to disclose material information about its spin-off from Honeywell. Chestnut Cambronne served as liaison counsel on this matter.

*Delamarter v. Supercuts, Inc.*, No. 19-3158-DSD-TNL (D. Minn.). A settled class action on behalf of a putative class of consumers against Supercuts alleging violations of the Fair and Accurate Credit Transactions Act. Bryan L. Bleichner served as Plaintiff's Counsel.

*Kenneth Peterson v. JBS USA Food Company Holdings, et al.*, No. 19-cv-1129-JRT-HB (D. Minn.). A pending class action on behalf of a putative class of indirect purchasers against beef product producers alleging claims of price fixing. Chestnut Cambronne served as Plaintiffs' Counsel.

*In re: FedLoan Student Loan Servicing Litigation*, No. 2:18-md-02833-CDJ (E.D. Pa.). A pending class action on behalf of a putative class of student loan borrowers against FedLoan Servicing / Pennsylvania Higher Education Assistance Agency alleging consumer fraud violations and other claims. Bryan L. Bleichner was court appointed to the Executive Committee.

*ASEA/AFSCME Local 52 Health Benefits Trust v. St. Jude Medical, LLC, et al.*, No. 18-cv-02124-DSD-HB (D. Minn.). A class action on behalf of a putative class of third party health benefits payors against St. Jude Medical and Abbott Laboratories alleging product liability and other claims. Chestnut Cambronne served as Plaintiffs' Counsel.

*In Re Pork Antitrust Litigation*, No. 18-cv-1776-JRT-HB (D. Minn,). A pending class action on behalf of a putative class of direct purchasers against pork product producers alleging claims of price fixing. Chestnut Cambronne currently serves as Plaintiffs' Counsel.

*James Bruner, et al. v. Polaris Industries Inc. et al.*, No. 18-cv-00939-WMW-DTS (D. Minn.). A class action on behalf of a putative class of consumers against Polaris

8

Industries alleging product liability claims.  Chestnut Cambronne was court appointed as Plaintiffs' Liaison Counsel.

*Marie Travis v. Navient Corp. et al.,* No. 17-cv-04885-JFB-GRB (E.D.N.Y.).  A class action on behalf of a putative class of student loan borrowers against Navient Corp. alleging consumer fraud act violations and other claims.  Bryan L. Bleichner served as Plaintiffs' Counsel.

*Gordon v. Amadeus IT Group, S.A.,* No. 1:15-cv-05457 (S.D.N.Y. July 14, 2015).  A resolved putative class action alleging collusion and anticompetitive behavior among the companies that provide the systems used by travel agents to link to airline flight and fare information known as global distribution systems (GDS). Chestnut Cambronne served as Plaintiffs' Counsel in this litigation.

*In re: Anthem, Inc. Data Breach Litigation,* No. 5:15-md-02617 (LHK) (N.D. Cal. March 13, 2015).  A settled class action against Anthem alleging negligence and other claims in a data security breach affecting in excess of 80 million consumers. Chestnut Cambronne served as Plaintiffs' Counsel in the litigation.

*Gassoway v. Benchmark Energy Transport Services, Inc.,* (S.D. Tex. February 23, 2015). A certified and settled class action case alleging Benchmark Energy Transport Services deducted and withheld an undisclosed surcharge from trucking owner-operators in violation of Federal Regulations.  Chestnut Cambronne served as co-lead counsel for the certified class.

*Christian v. National Hockey League,* No. 0:14-md-02551 (SRN/JSM) (D. Minn. April 15, 2014). Chestnut Cambronne was court appointed to the Plaintiffs' Executive Committee.

*Puerta v. Tile Shop Holdings, Inc.,* No. 0:14-cv-00786 (ADM/TNL) (D. Minn. March 21, 2014).  A settled shareholder class action against Tile Shop Holdings and its directors and officers for failing to disclose material information about a supplier relationship.  Chestnut Cambronne served as liaison counsel on this matter.

*In re: Domestic Drywall Antitrust Litig.,* No. 2:13-md-2437; 939 F. Supp. 2d 1371 (E.D. Pa. 2013). A settled antitrust putative class action against domestic manufacturers of drywall alleging price-fixing. Chestnut Cambronne served as Plaintiffs' Counsel in this matter.

9

*Lucas v. SCANA Energy Marketing, Inc.*, No. 1:12-cv-02356 (SCJ) (N.D. Ga. Feb. 8, 2013. A settled consumer protection class action in which Chestnut Cambronne served as co-lead counsel.

*In re: Imprelis Herbicide Mktg., Sales Practices and Products Liability Litig.*, No. 2:11-md-02284 (GP) (E.D. Pa. Oct. 20, 2011). This is a settled products liability class action against the manufacturer of Imprelis Herbicide, DuPont. The class recovered over $378 million to date. Chestnut Cambronne served as Plaintiffs' Counsel.

*Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc,* No. 08-6324 (PAM/AJB) (D. Minn. 2009); 618 F. Supp. 1016 (D. Minn. 2009); 278 F.R.D. 454 (D. Minn. 2011). This is a settled securities fraud class action in which Chestnut Cambronne was lead and liaison counsel. The class recovered $80 million.

*In re: American Express Anti-Steering Rules Antitrust Litig. (No. II)*, MDL No. 2221, 764 F. Supp. 2d 1343 (E.D.N.Y. 2010). This is a settled class action alleging that Defendant American Express' policies prohibiting merchants from offering customers incentives to use a particular card or type of payment violated antitrust laws. The case is currently under appellate review before the United States Court of Appeals for the Second Circuit.

*Mooney v. Allianz Life Ins. Co. of North America*, No. 06-545 (ADM/FLN); 2010 WL 419962 (D. Minn. Jan. 29, 2010). This was a certified class action in which Chestnut Cambronne was co-lead counsel seeking damages of $2 billion. After a three-week trial, the jury concluded Allianz made false and misleading statements intentionally in violation of the statue, but did not award damages.

*In re United Healthcare, Inc. Shareholder Derivative Litig.*, 631 F.3d 913 (8th Cir. 2011), *affirming* 631 F. Supp. 2d 1151 (D. Minn. 2009). This is a settled shareholder derivative case involving the backdating of stock options. Chestnut Cambronne served as lead counsel and recovered on behalf of the company a settlement valued at $922 million. Today, it remains the largest recovery in a shareholder derivative case in United States history.

*San Francisco Health Plan v. McKesson Corp.*, No. 1:08-cv-10843 (D. Mass. May 20, 2008). A settled RICO and Clayton Act class action challenging the pricing of pharmaceutical drugs. The class recovered $82 million. Chestnut Cambronne represented Plaintiff Anoka County.

*In re MoneyGram Int'l, Inc. Securities Litig.*, No. 08-cv-883 (DSD/JJG) (D. Minn. July 22, 2008); 626 F. Supp. 2d 947 (D. Minn. 2009).  This is a settled securities fraud class action in which Chestnut Cambronne was co-lead counsel and recovered $80 million for the class.

*Avritt v. Reliastar Life Ins. Co.*, No. 0:07-cv-01817 (JNE/JJG) (D. Minn. April 9, 2007). This is a settled class action that alleged Defendant defrauded consumers in the sale of its Fixed Annuities.  Chestnut Cambronne served as local counsel and recovered $31 million for the class.

*In re: Air Cargo Shipping Services Antitrust Litig.*, No. 1:06-md-01775 (JG/VVP) (E.D.N.Y. June 27, 2006).  This is a settled class action alleging a price-fixing conspiracy by dozens of international air cargo carriers.  Over $500 million was recovered for the class.

*In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 1720, 398 F. Supp. 2d 1356 (E.D.N.Y. 2005).  A settled class action alleging that the rules Defendants Visa and MasterCard impose upon merchants violate antitrust laws.

*In re Xcel Energy, Inc. Sec, Derivative & "ERISA" Litig*, 364 F. Supp. 980, 995-996 (D. Minn. 2005); *In re Xcel Energy Securities, Derivative & "ERISA" Litigation*, 286 F. Supp. 2d 1047 (D. Minn. 2003).  This was a securities fraud class action in which Chestnut Cambronne was co-lead counsel.  The class recovered $80 million.
*Cooper v. Miller, Johnson, Steichen & Kinnard*, No. 0:02-cv-01236 (RHK/AJB) (D. Minn. June 5, 2002) This is a settled securities fraud class action in which Chestnut Cambronne served as lead counsel.  The class recovered $5.6 million.

*In Re E.W. Blanch Holdings, Inc. Securities Litig.*, No. 0:01-cv-00258 (JNE/JGL) (D. Minn. Feb. 12, 2001) This is a settled securities fraud class action in which Chestnut Cambronne served as lead counsel.  The class recovered $20 million.

*In re Blue Cross Subscriber Litig.*, No. 19-C3-98-7780 (Minn. Dist. Ct. 1st Dist.) This was a consumer protection class action on behalf of Blue Cross subscribers.  Over $41 million was recovered for Blue Cross policy holders.  Chestnut Cambronne served as lead counsel.

*Alford v. Mego Mortgage Home Loan Owner Trust 1997-1; Mazur  v. Empire Funding Home Loan Owner Trust 1997-1;* and *Banks, et al. v. FirstPlus Home Loan Trust 1996-*

11

*2* (Minn. Dist. Ct. 4th Dist.)*.* These are settled consumer-lending cases in which Chestnut Cambronne acted as co-lead counsel.

Chestnut Cambronne also has experience successfully defending class litigation. *See, e.g., In re K-Tel,* 300 F.3d 881 (8th Cir. 2002); *Wylde v. Champps of New Brighton,* No. 10-cv-4953 (ADM/JJK) (D. Minn. 2011); *Johnson v. BP America, Inc.* No. 12-cv-00417 (RHK/JSM) (D. Minn. 2012). Not only do the results obtained in the above cases attest to the skill and competence of Chestnut Cambronne lawyers in shareholder litigation, various courts have publicly commended Chestnut Cambronne for its efforts:

> Plaintiffs' co-lead counsel have significant experience in representing shareholders and shareholder classes in federal securities actions around the country and in this district in particular. Counsel-both the lawyers representing lead plaintiffs and defendants-conducted themselves in an exemplary manner. … Thus, the effort of counsel in efficiently bringing this case to fair, reasonable and adequate resolution is the best indicator of the experience and ability of the attorneys involved, and this factor supports the court's award of 25%.

*In re Xcel Energy, Inc. Sec, Derivative & "ERISA" Litig,* 364 F. Supp. 980, 995 (D. Minn. 2005).

12

# Exhibit B



With 32 attorneys and over 350 staff, Aylstock, Witkin, Kreis & Overholtz, PLC is a national law firm which fights for the rights of consumers who are seriously injured as a result of defective products, defective medical devices, accidents, or other negligent behavior. Founded in 2001, AWKO has represented hundreds of thousands of clients across the country since its inception. Our attorneys have over 160 years of combined experience in personal injury, pharmaceutical and consumer class action litigation and our extensive network of resources allows us to tackle the most complex legal matters.

***Jean Sutton Martin*** is heads the consumer class action practice of AWKO, devoting her practice to data privacy, consumer protection, and defective products class actions. She is one of the few lawyers in the group whose caseload spans multiple disciplines, including data privacy, consumer goods, medical products and environmental disasters. Ms. Martin has practiced in the areas of mass tort and catastrophic personal injury, starting mass torts practice groups at two plaintiffs' firms.

Ms. Martin received her Juris Doctor degree from Wake Forest University School of Law, where she served as Editor-in-Chief of the *Wake Forest Law Review*. Ms. Martin graduated from Wake Forest University with a Bachelor of Science in Mathematical Economics and earned a Master of International Business from the University of South Carolina. She also has served as an adjunct professor at her alma mater, Wake Forest University School of Law. She obtained eDiscovery certification from the eDiscovery Training Academy at Georgetown Law Center.

Ms. Martin has been honored with the prestigious "AV" rating by Martindale-Hubbell. In 2016, she was selected by her peers as the foremost Litigation attorney in the State of North Carolina for *Business North Carolina Magazine's Legal Elite*, gaining membership in the *Legal Elite* Hall of Fame. In 2022, she was recognized by Law360 as an MVP in the area of cybersecurity and data privacy. She was named as one of National Law Journal's Class Action/ Mass Tort Litigation Trailblazers of 2023. Last year she was named as one of Lawdragon 500 Leading Global Cyber Lawyers, this year she has been named as one of Lawdragon 500 Leading Complex Litigation Lawyers, and for the last two years has been named as one of Lawdragon 500 Leading Plaintiff Consumer Lawyers.

Over the last few years, Ms. Martin has led some of the country's biggest cybersecurity victories, including as a member of the Executive Committee in *In Re: AT&T Inc Customer Data Security Breach Litigation* (N.D. Tex. 24-cv-00757)(securing a $177 million settlement for two classes of consumers involved in two separate data breaches), co-lead in *In re: Morgan Stanley Data Security Litigation*(S.D.N.Y., 20-cv-05914) (total settlement of $68.2 million for 15 million class members) and co-lead *In re: Ambry Genetics Data Breach Litigation* (C.D. Cal. No. 8:20-cv-00791-CJC) (settlement valued in excess of $20 million for 230,000 patients).

Ms. Martin presently serves by appointment as co-lead class counsel in consolidated litigation arising from a chemical plant fire in Conyers, GA in *In re: Bio-Lab Class Actions*, 1:24-CV-4407-SEG (N.D.G.A.). She also serves by appointment as co-lead of a data breach MDL involving a central defendant and multiple of its software customers in *In Re: Perry Johnson & Associates Medical Transcription Data Security Breach Litigation* (E.D.N.Y., 24-md-3096-RPK-LG) and co-lead counsel in *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.). Ms. Martin also presently leads a class action against CSX for chemical exposures and property damage stemming from a train derailment in *Webb et al. v. CSX Transportation, Inc.*, 23-cv-00211-REW (E.D. Ky.).

Recently Ms. Martin served as co-lead counsel in a data breach matter against a software provider with ties to a criminally charged investment executive. *Farley, et al. v. Eye Care Leaders Holdings, LLC*, 1:22-cv-00468-UA-JLW (M.D.N.C.). The case involved competing classes and was made even more difficult by the defendant filing for bankruptcy before the final settlement approval hearing. She led efforts to fight the claims of the patient class in the bankruptcy proceeding, including securing a position on the creditors committee. At the final approval, District Court Judge Catherine Eagles noted: "this is by far the most complex class action settlement I have seen … but I definitely think it is fair and very reasonable and benefits the class. They get everything they could have gotten, really, and more than if you had litigated it."

Ms. Martin has served in leadership positions in many consumer class actions and consolidated proceedings in federal courts around the country, including *inter alia*: *Desue, et al. v. 20/20 Eye Care Network, Inc. et al.*, 21-cv-61275 (S.D. Fla.) (Chair of the Plaintiffs' Executive Committee) (settlement on behalf of more than 4 million class members, including minors); *Aguallo, et al. v. Kemper Corp., et al.,* Case No.: 1:21-cv-01883 (N.D. Ill.) (data breach settlement valued at over $17.5 million) (co-lead counsel); *Gordon, et al. v. Chipotle Mexican Grill*, *Inc.*, No.

17-cv-01415 (D. Colo.) (data breach) (co-lead counsel); *Linnins v. HAECO Americas, Inc., et al.*, No. 16-cv-486 (M.D.N.C.) (employee data disclosure) (co-lead counsel); *Torres v. Wendy's International, LLC*, No. 6:16- cv-210 (M.D. Fla.) (data breach) (class counsel); *Fuentes, et al. v. UniRush, LLC, et al.,* No. 1:15- cv-08372 (S.D.N.Y.) (disruption in servicing of financial accounts) (co-lead counsel); *Lewis, et al., v. Green Dot Corp., et al.*, No. 2:16-cv-03557 (C.D. Cal.) (disruption in servicing of financial accounts) (class counsel); *Brady, et al. v. Due North Holdings, LLC, et al.*, No. 1:17-cv-01313 (S.D. Ind.) (employee data disclosure) (class counsel); *Foreman v. Solera Holdings, Inc.*, No. 6:17-cv-02002 (M.D. Fla.) (employee data disclosure) (class counsel); *In Re: Outer Banks Power Outage Litigation*, No. 4:17-cv-141 (E.D.N.C.) (extended island power outage due to defective construction practices) (class counsel); and, *McCoy v. North State Aviation, LLC, et al.*, No. 17- cv-346 (M.D.N.C.) (WARN Act violations) (class counsel).

Beyond her active litigation practice, Ms. Martin founded Class of Our Own, an invitation-only event for female attorneys handling plaintiff class actions held in Nashville, Tennessee. This conference is free for the 125 attendees from across the country and features two days of legal panels while also promoting female empowerment. The first three summits have been highlighted by the participation of the Hon. Jane Branstetter Stranch of the U.S. Court of Appeals for the Sixth Circuit, the Hon. Karen Caldwell, Chair of the JPML, the Hon. Linda Lopez of the Southern District of California, and the Hon. Staci Yandle of the Southern District of Illinois.

Ms. Martin has been a presenter on a variety of topics related to class actions including: *Fantasy Gaming Webinar: FanDuel and DraftKings Litigation*, AAJ (December 2015); *Thinking Outside the Black Box: Drug Cases in the Class Context*, Mass Torts Made Perfect (October 2019); *Mass Torts and MDLs*, Western Alliance Class Action Forum (March 2020); *Consumer Class Actions*, Western Alliance Class Action Forum (March 2022); *How to Maximize Efficiency in Document Production and Review*, Mass Torts Made Perfect (April 2022); *Class Action Takeover: The Rise of Class Actions within MDLs*, HarrisMartin (July 2023).

Before entering law school, Ms. Martin worked with the sales finance team of Digital Equipment Company in Munich, Germany developing sales forecasts and pricing models for the company's expansion into the Eastern European market after the fall of the Berlin wall. She also worked as a practice management consultant for a physician consulting group and as a marketing manager for an international candy manufacturer where her responsibilities included product development, brand licensing, market research, and sales analysis.

- 3 -

Ms. Martin is a member of the North Carolina bar. She is also admitted to practice before the United States Supreme Court, the United States Court of Federal Claims, the United States Court of Appeals for the Fourth Circuit, the Western, Middle, and Eastern Districts of North Carolina, and the United States District Court of Colorado.

***Francesca Kester Burne***. Ms. Burne is a nationally recognized class action attorney with experience in data privacy and security, consumer protection, environmental disasters, and defective product litigation. Known for her strategic acumen and well-respected advocacy, Ms. Burne has been integral to some of the most high-profile and high-impact class actions in recent years.

A native of Scranton, Pennsylvania, Ms. Burne earned her J.D. from The Pennsylvania State University's Dickinson School of Law. During law school, she received top honors in national advocacy competitions, including the American Bar Association's National Appellate Advocacy Competition—where she earned the award for best legal brief—and the Texas Young Lawyers Association National Trial Competition, where she was a regional finalist. She also served as Executive Chair of the Dickinson Law Moot Court Board, Student Director of the Bethesda Mission Men's Shelter legal clinic, and founded Dickinson Law's partnership with Big Brothers Big Sisters. She completed a judicial internship with U.S. Magistrate Judge Martin C. Carlson in the U.S. District Court for the Middle District of Pennsylvania.

Following law school, Ms. Burne clerked for two years for the Honorable James M. Munley, United States District Judge in the Middle District of Pennsylvania. She then joined a large plaintiffs' law firm, where she focused her national practice on complex litigation—particularly in the area of class actions. She joined AWKO in January of 2026 with Ms. Martin and Mr. Pollack.

Ms. Burne has played a significant role in nearly all stages of class action litigation. Her significant recent work includes: *In Re: AT&T Inc. Customer Data Security Breach Litigation* (N.D. Tex.) ($177 million settlement for two consumer classes in two separate data breaches); *In re: Morgan Stanley Data Security Litigation* (S.D.N.Y.) ($68.2 million settlement for 15 million class members); *In re: Ambry Genetics Data Breach Litigation* (C.D. Cal.) (settlement exceeding $20 million for 230,000 patients); *In re: Capital One Consumer Data Security Breach Litigation*

(E.D. Va.) ($190 million settlement); and *Hasemann et al. v. Gerber Products Co*. (E.D.N.Y.) (certified class action involving deceptive marketing of infant formula, settled on the eve of trial).

Her current docket spans a broad array of high-impact litigation, including: *In re: Bio-Lab Class Actions* (N.D. Ga.) (consolidated environmental litigation stemming from a chemical plant fire); *In Re: Perry Johnson & Associates Medical Transcription Data Security Breach Litigation* (E.D.N.Y.) (data breach MDL involving a central vendor and multiple software customers); *Webb et al. v. CSX Transportation*, *Inc.* (E.D. Ky.) (counsel in environmental class action arising from chemical exposures and property damage following a train derailment); and *In re: Allergan Biocell Textured Breast Implant Products Liability Litigation* (D. N.J.) (consumer defective product MDL).

Ms. Burne is also a speaker on emerging legal issues in complex litigation. In 2025, she served as faculty at HarrisMartin's Data Breach Litigation Conference in Charlotte, NC, presenting on *Healthcare Data Privacy: What Makes These Cases Different*. In 2024, she spoke at the Class of Our Own Women's Conference in Nashville, TN, and HarrisMartin's MDL Conference in New York, NY.

She is a member of the American Association for Justice's Women's Law Caucus and New Lawyers Division, Public Justice, and a member of the Military Spouse J.D. Network.

Ms. Burne's achievements have earned her national recognition: Law360 Rising Star (2024) (one of only three attorneys nationwide honored for excellence in cybersecurity and data privacy); Daily Business Review's "On the Rise" Award (2025) (recognizing exceptional early-career lawyers in Florida); Lawdragon 500 X – The Next Generation (2025)  (selection to the prestigious list of the legal profession's emerging leaders); The D. Arthur Magaziner Human Services Award (2017); and the Pennsylvania Bar Association's Joseph T. McDonald Memorial Award for academic and advocacy excellence (2017).

Ms. Burne is admitted to practice law in Pennsylvania and Florida, as well as in numerous federal district and appellate courts nationwide.

***Christopher Pollack.*** Chris Pollack was born and raised in Florida. Mr. Pollack studied finance at the University of Central Florida, and then earned his law degree from the University of Michigan Law School. While in law school, Mr. Pollack worked on the Civil Rights Litigation Clearinghouse, and he earned Certificates of Merit in both Evidence and Jurisdiction & Choice of

- 6 -

Law.

Upon graduating, Mr. Pollack spent the first several years of his career as a judicial clerk, first spending 20 months with the Honorable Jeffrey J. Helmick in the U.S. District Court for the Northern District of Ohio, and then a year with the Honorable Robin S. Rosenbaum in the U.S. Court of Appeals for the Eleventh Circuit. Mr. Pollack has worked for law firms in D.C. and Michigan, representing businesses across the country and gaining experience that he now uses to advocate for consumers in class action litigation.

Mr. Pollack is admitted to practice in Illinois, D.C., and Michigan.