## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**GREG HALE,** *et al.*                                                          **PLAINTIFFS**

**v.**                          **CASE NO. 3:22-CV-00117-BSM**

**ARCARE, INC.**                                                             **DEFENDANT**

## ORDER

Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. No. 62] is granted.  After reviewing the Settlement Agreement and Release (Doc No. 63-2) (the "Settlement Agreement"), entered into between Plaintiffs Greg Hale, Jessica White, Alicia Gilmore, and Michael Whitkanack (collectively, "Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class (as defined below), and Defendant Arcare, Inc. ("Arcare" or "Defendant") which provides for a $3,900,000 non-reversionary common fund to resolve all claims arising from the unauthorized access to or acquisition of Private Information that Defendant discovered on or about February 24, 2022 (the "Data Incident") the following is ordered.

1.      Jurisdiction.  The Court preliminarily finds that the it has personal jurisdiction over all Settlement Class Members (as defined in the Settlement Agreement), that the Court has subject-matter jurisdiction over the claims asserted in this action, and that venue is proper.

2.      Preliminary Approval of the Proposed Settlement Agreement.  The Court hereby grants preliminary approval of the proposed settlement upon the terms and conditions

set forth in the Settlement Agreement.  The Court preliminarily finds that the Parties have shown the Court it will likely be able to approve the proposed settlement, as embodied in the Settlement Agreement, as being fair, adequate and reasonable under Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23").

3.     The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement:  (a) is the result of informed, arm's-length negotiations between experienced class action attorneys and made with the assistance of the mediation services of Judge Wayne Andersen (ret.); (b) is sufficient to warrant notice of the Settlement and Final Approval Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Rule 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, and the United States Constitution.  The Court further preliminarily finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Settlement Class Member.

## I.  PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

4.     Settlement Classes.  The Court orders that the Settlement Class and the California Subclass are each preliminarily certified for settlement purposes only.  The "Settlement Class" is defined as all living individuals residing in the United States who were sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are: (1) all persons who

are directors and officers of Defendant; (2) governmental entities; and (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff. The Court finds that, for purposes of the settlement, subject to the Final Approval Hearing, the above-defined Settlement Class meets all of the requirements for class certification.

5.      The Court further finds that, for purposes of the settlement only, the requirements of Rule 23 are satisfied and that:  a) the Settlement Class is ascertainable; b) the members of the Settlement Class are so numerous that joinder is impracticable; c) there are questions of law and fact common to the Settlement Class Members which predominate over any individual questions; d) the representative Plaintiffs' claims are typical of the claims of the Settlement Class Members; e) Class Representatives and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class; and f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      Class Representatives.  For the purposes of settlement only, the Court Greg Hale, Jessica White, Alicia Gilmore, Michael Whitkanack, and Melissa Johnson as Class Representatives for the Settlement Class.  The Court finds that the Settlement Class Representatives will adequately protect the interests of the Settlement Class.

7.      Class Counsel.  For the purposes of settlement only, the Court appoints attorneys Jean Martin of Aylstock, Witkin, Kreis & Overholtz, PLC, and Bryan Bleichner of Chestnut Cambronne PA as Class Counsel for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel on behalf of the Settlement Class.

## II.  NOTICE AND SETTLEMENT ADMINISTRATION

8.      Settlement Administrator.  The Court appoints Verita Global, Inc. as the Settlement Administrator.  The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below stated schedule, and to perform all tasks that the Settlement Agreement requires of it.

9.      Qualified Settlement Fund.  The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(d)(1) for federal tax purposes. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.  Defendant shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund.  The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF.  Arcare shall provide to the Settlement Administrator any documentation reasonably requested by the Settlement Administrator that is required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l.  All taxes or income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

10.     Class Notice.  The Court approves the proposed manner of the Notice of Settlement set forth in the Settlement Agreement.  As set forth in Section VIII of the

Settlement Agreement, the Settlement Administrator shall disseminate direct notice to each Settlement Class Member for whom Arcare has available contact information. The Court approves, as to form and content, the Notice Plan, the Settlement Website, the Toll-Free Number, and the forms of notice (attached as Exhibits B (Email Notice), C (Postcard Notice), and D (Long Form Notice) to the Settlement Agreement). Nonmaterial modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

11. The Court finds that the content, format, and method of disseminating the Notice of Settlement set forth in the Settlement Agreement and in paragraph 10 above: (a) constitute the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the proposed Settlement Agreement, and their rights to object to the Settlement Agreement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Rule 23, the United States Constitution and the requirements of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement and consistent with Rule 23.

12. The Settlement Administrator shall provide notice consistent with the Notice

Plan and notice shall begin to be disseminated to Settlement Class Members within thirty (30) calendar days after the Court issues this Order ("Notice Date").  All costs associated with providing all forms of notice, responding to inquiries from the Settlement Class, and performing all other Settlement Administrator's duties shall be paid out of the Settlement Fund as set forth in 74(m) of the Settlement Agreement.

III.  OPT OUT AND OBJECTION PROCEDURES

13.    Exclusion from the Settlement Class.  Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Settlement Class Members may opt out by timely sending a written opt-out request to the Settlement Administrator postmarked no later than sixty (60) calendar days after the Notice Date (the "Opt-Out Deadline").  The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class.

14.    Settlement Class Members who timely opt out of the Settlement Agreement: a) will not be a part of the Settlement Agreement; b) will have no right to receive any benefits under the Settlement Agreement; c) will not be bound by the terms of the Settlement Agreement; and d) will not have any right to object to the terms of the Settlement Agreement or be heard at the fairness hearing.  Any individual in the Settlement Class who does not submit a valid and timely Request for Exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Exclusion Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the

Settlement Class (including the Final Approval Order and Final Judgment dismissing the Action).

15.    Objections to the Settlement Agreement.  Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement Agreement.  Any such objection must be a written statement submitted to the Clerk of Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. Objections are to be filed with the Court or postmarked within sixty (60) calendar days after the Notice Date (the "Objection Deadline").

16.    Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney fees and expenses, and the Class Representatives' motion for service (or incentive) awards as set forth in paragraph 17, above.

17.    To be effective, any objection described in paragraphs 15 or 16 above must contain all of the following information: i) the person's full name, mailing address, email address, and telephone number; (ii) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (iii) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (iv) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement

and/or Application for Attorneys' Fees, Costs, and Service Awards; (v) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; (vi) whether the objector's counsel, if any, will appear at the Final Approval Hearing; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (ix) a disclosure and certification as to whether artificial intelligence was used in preparation of the objection; and (x) be personally signed by the individual Settlement Class Member (an attorney's signature is not sufficient.

## IV. FAIRNESS HEARING

18.     Class Counsel's motion for an award of attorneys' fees and expenses and Class Representatives' motion for service awards will be filed with the Court no later than fourteen (14) calendar days before the Opt-Out and Objection Deadline.

19.     Plaintiffs shall file their motion for Final Approval of the Settlement no later than 14 days before the Final Approval hearing.

20.     The Court will hold a Final Approval (fairness) hearing on December 3, 2026, at 10:00 a.m., to consider the fairness, reasonableness and adequacy of the proposed Settlement Agreement as well as Class Counsel's motion for Attorneys' Fees and Expenses

Award and Service Awards.  The Court reserves the right to adjourn or continue the Final

Approval (fairness) hearing without further notice to the Settlement Class Members.

21.    Class Counsel's motion for Attorneys' Fees and Expenses Award and Service

Awards will be considered separately from the fairness, reasonableness, and adequacy of the

Settlement Agreement.  Any order or proceeding relating to the amount of any award of

attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating

thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel

the Settlement Agreement.

22.    Reasonable Procedures.  Class Counsel and defense counsel are hereby

authorized to use all reasonable procedures in connection with approval and administration

of the Settlement Agreement that are not materially inconsistent with this Order or the

Settlement Agreement, including making, without further approval of the Court, minor

changes to the form or content of the notices and other exhibits that they jointly agree are

reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

23.    Extensions of Time.  The time periods and dates provided in this Order may

be altered by the Court or through written consent of the Parties' counsel, without notice to

the Settlement Class; provided, however, that any such changes in the schedule of settlement

proceedings will be posted on the Settlement Website.

24.    Termination of the Settlement Agreement and Use of this Order.  If the

Judgment does not become final, the Parties shall be restored to their respective positions in

the Action as of the date of the signing of the Settlement Agreement and this Order shall be

null, void, and vacated, and shall not be used or cited thereafter by any person or entity.

IT IS SO ORDERED this 3rd day of August, 2026.

_____
UNITED STATES DISTRICT JUDGE