**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

GREG HALE, ALICIA GILMORE, MICHAEL WHITKANACK, and JESSICA WHITE, on behalf of themselves and all others similarly situated,

v.

ARCARE, INC.

Case No. 3:22-cv-117-BSM

**JOINT DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

We, Jean Martin and Bryan Bleichner, declare under penalty of perjury as follows:

1. We are counsel for Plaintiffs in the above-captioned case. This declaration supports Plaintiffs' Motion for an award of Attorneys' Fees, Costs, and Service Awards. We have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

**LITIGATION BACKGROUND AND THE WORK OF CLASS COUNSEL**

2. This litigation arises out of a data security incident that impacted Defendant Arcare, Inc.'s ("Arcare") systems between January 18 and February 24, 2022. On May 10, 2022, Plaintiff Greg Hale filed the first class action complaint for claims arising from the Data Incident in the United States District Court for the Eastern District of Arkansas. Shortly after, four other class actions were filed against Defendant based on the same Data Incident giving rise to Plaintiff Hale's action.

3. Prior to filing their respective cases, Class Counsel conducted extensive pre-suit discovery to ascertain all publicly available details about the cause, scope, and result of the data breach, as well as about the damages suffered by the Plaintiffs and the Class.

4. Additionally, Class Counsel spent time interviewing Plaintiffs to determine whether and how their personally identifiable information was received by Arcare, and to determine the specific harm suffered by Plaintiffs.

5. Following the filing of several complaints arising from the Arcare data breach, Class Counsel quickly coordinated with all Plaintiffs to move for consolidation. On July 26, 2023, Defendant filed a Motion to Substitute the United States or, in the alternative, a Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint.

6. The Parties fully briefed the Motions, and the Court heard oral arguments. On March 8, 2024, the Court entered an Order denying Defendant's Motion. On April 5, 2024, Defendant filed its Notice of Appeal. For nearly two years, the Parties litigated the appeal, and on February 13, 2026, the United States Court of Appeals for the Eighth Circuit affirmed this Court's ruling.

7. Following the Eighth Circuit's subsequent denial of two petitions for rehearing filed by Defendant, the Parties began negotiations to resolve the dispute. The Parties agreed to mediation with the experienced mediator, the Honorable Wayne Andersen (ret.). Judge Andersen is a well-regarded private mediator with extensive experience in mediating and managing multiparty and multifaceted cases, including data breaches.

8. Prior to mediation, the Parties exchanged confirmatory discovery and other information necessary to evaluate their respective claims, defenses, and settlement positions.

9. Additionally, prior to mediation, Plaintiffs conducted research concerning other similar data breach settlements to evaluate whether the settlement proposals compared favorably with other cases. Plaintiffs shared the comparable settlements with Defendant's Counsel along with a detailed mediation brief outlining their position and settlement demand. Defendant's

Counsel similarly shared a detailed mediation brief outlining their respective position. This information was sufficient to facilitate informed settlement discussions among the Parties at mediation.

10. Based on Class Counsel's analysis of similar data breach settlements and experience litigating data breach class actions, Class Counsel concluded that the relief ultimately obtained through the Settlement compares favorably to settlements approved in comparable data breach litigation.

11. In April 2026, the Parties engaged in an all-day, arm's-length mediation before the Honorable Wayne Andersen (ret.) to negotiate the terms of a settlement. Ultimately, the Parties reached an agreement in principle. Following mediation, the Parties continued negotiations to work out the details of the Settlement Agreement now before the Court. These negotiations involved great compromises by both Parties. The Parties did not discuss attorneys' fees and expenses or service awards prior to agreeing to the essential terms of the Settlement.

12. The Settlement provides substantial relief for the Settlement Class and was obtained against a well-funded defense by the Defendant, which was represented by highly competent legal counsel. The Settlement Agreement provides for the establishment of a $3,900,000.00 non-reversionary common fund that will fund monetary relief to the Class, as well as administrative expenses, Service Awards to Class Representatives, and Attorneys' fees and expenses.

13. The parties executed the Settlement Agreement, and Plaintiffs filed their Unopposed Motion for Preliminary Approval on July 30, 2026.

14. The Court granted the Plaintiffs' Motion for Preliminary Approval on August 3, 2026, and authorized the Claims Administrator to disseminate Notice to the Class.

15. Since preliminary approval was granted, Class Counsel has worked with counsel for Defendant and with the Settlement Administrator to finalize the notice documents and to ensure notice was sent to the Settlement Class consistent with the Preliminary Approval Order.

16. Although the Claims Period has not expired, the Settlement has been well received by the class. Pursuant to the Preliminary Approval Order, the Claims Administrator has disseminated notice to approximately 370,279 Settlement Class Members, including 263,542 mailed notices and 106,737 email notices. To date, the Claims Administrator confirmed that it has received 5,953 claim forms. As of the date of this Declaration, the Claims Administrator has received zero objections and zero requests for exclusion. These results reflect a positive response from the Settlement Class and support the fairness and adequacy of the Settlement.

17. We, and other attorneys at our firms, have devoted significant time and resources to this case to date, including, but not limited to:

a. Conducting independent factual investigations regarding Plaintiffs' claims and class members' claims;

b. Drafting independent complaints;

c. Coordinating efforts with other firms for the benefit of the Class including consolidation of the various lawsuits;

d. Coordinating and assigning work to other firms, when appropriate;

e. Researching law relevant to, and preparing Plaintiffs' class action complaint;

f. Researching law and drafting responses to Defendant's motions to dismiss;

g. Preparing appellate briefs and presenting oral argument before the Eighth Circuit, and opposing Defendant's petition for rehearing;

h. Preparing detailed and comprehensive discovery requests;

i. Preparing for and attending mediation, including researching and preparing a detailed mediation statement;

j. Negotiating and preparing the Parties' class action settlement agreement, along with the proposed class notice and claim form;

k. Negotiating with settlement administration companies to secure the best notice plan practicable;

l. Preparing Plaintiff's motion for preliminary approval of the class action settlement and preparing a detailed declaration in support;

m. Working with the Settlement Administrator to ensure the timely completion of Notice and processing of claims;

n. Closely monitoring evolving law regarding data security and its potential impacts on the case; and

o. Conferring with Plaintiffs throughout the four years this case has been pending.

**CLASS REPRESENTATIVES' CONTRIBUTIONS**

18. Proposed Class Representatives each seek a Service Award in the amount of $2,500 in recognition for their time and effort spent pursuing this litigation on behalf of the Class.

19. Throughout the entirety of this litigation, proposed Class Representatives, Greg Hale, Alicia Gilmore, Michael Whitkanack, and Jessica White have been active participants in this case, stayed informed about this litigation, reviewed and approved the settlement demand, final settlement amount, and Settlement Agreement, and have spent substantial time and effort protecting the Class's interests throughout this litigation. Their efforts include assisting in the investigation of the Action, reviewing pleadings, maintaining contact with Class Counsel, reviewing case documents, assisting with discovery, and answering Class Counsel's many

questions. Additionally, this case has been litigated for over four years, and Class Representatives remained available throughout that time, including during the appellate period. Class Representatives understand and have taken their responsibilities of serving as Class Representatives seriously and, through their efforts, were able to achieve a substantial common fund Settlement.

**CONTINGENT NATURE OF ACTION**

20. Our firms took on this case on a purely contingent basis.

21. Over the course of four years, this matter has required us, and other attorneys at our firms, to devote substantial time and resources to this litigation. At various stages of this case, including briefing and arguing Defendant's motion to dismiss, litigating Defendant's appeal and petition for rehearing before the Eighth Circuit, preparing for mediation, negotiating the Settlement, and seeking preliminary approval, this Action demanded significant attorney attention and firm resources.

22. Because Class Counsel undertook representation of this matter on a contingency-fee basis, we shouldered the risk of expending substantial time and advancing litigation expenses without any guarantee of recovery. Had Defendant prevailed at any stage of the proceedings, including on appeal, class certification, summary judgment, or at trial, Class Counsel likely would have recovered nothing for their efforts.

23. In addition to assuming the risk of nonpayment, we incurred a substantial opportunity cost by pursuing this litigation, as the time devoted to this action could otherwise have been spent pursuing other potentially fee-generating matters.

24. Litigation is inherently unpredictable and therefore risky. Therefore, despite our devotion to the case and our confidence in the claims alleged against Defendant, there were many factors beyond our control that posed significant risks.

25. Further, a successful outcome could only ensue, if at all, after prolonged and arduous litigation with an attendant risk of drawn-out appeals. Indeed, the litigation has already generated appellate proceedings, with an appeal being filed following the Court's ruling on the motion to dismiss, and the appeal was not resolved until nearly two years later. Throughout those two years, Plaintiffs vigorously litigated the issues to protect the Class's ability to pursue its claims. Had the litigation continued, Plaintiffs would have faced additional substantial risks associated with class certification, expert discovery, summary judgment, trial, and further appeals. Further, absent a certified class, Plaintiffs ran the risk that class members would receive no recovery.

26. Among consumer protection class actions, data breach cases are some of the most complex and involve a rapidly evolving area of law, including issues concerning standing, causation, damages, and class certification. As such, these cases are particularly risky for plaintiffs and their counsel.

27. This case has been litigated for over four years. During that time, Class Counsel has devoted substantial time and resources and will continue to do so through Final Approval of the Settlement. Class Counsel's efforts include diligently identifying, investigating, and prosecuting the claims in this litigation. Class Counsel have prosecuted this Action on a contingent basis, receiving no compensation to date. Fees were far from guaranteed.

**<u>CLASS COUNSEL'S EXPERIENCE</u>**

28. Class Counsel have significant experience prosecuting complex class actions, including numerous data breach class actions throughout the country, and have been appointed

interim lead counsel or class counsel in data breach and consumer class actions in federal and state courts nationwide, and have obtained substantial settlements for consumers whose personal information was compromised. Through that experience, Class Counsel have developed specialized expertise regarding the legal, factual, and technical issues commonly presented in data breach litigation.

29. The firm resume of Chestnut Cambronne, PA is attached as **Exhibit A.**

30. The firm resume of Aylstock, Witkin, Kreis, Overholtz, PLC is attached as **Exhibit B**.

**CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES ARE REASONABLE**

31. Under the Settlement Agreement, Class Counsel may seek up to 1/3 of the Settlement Fund ($1,300,000.00) and up to $50,000.00 in expenses. This fee request is commensurate with fee awards routinely approved in similar data breach litigation.

32. The regular practice at each of our firms is to maintain contemporaneous time records. As part of the timekeeping protocol implemented upon our appointment as Interim Co-Lead Counsel, all other firms providing a common benefit to the class were asked to maintain and submit their contemporaneously recorded time on a monthly basis.

33. We have compiled time records for all attorneys who submitted common benefit time to this case. Class Counsel audited all time submissions and took several measures to protect against overreporting, including removing non-common benefit time and expenses based on the established protocol, and removing duplicative or excessive time.

34. Through November 23, 2026, Class Counsel has incurred $27,659.84 in reasonable expenses necessary to the litigation, including filing fees, research expenses, preparation of appellate briefs, travel for the appellate argument, and mediation costs. Class Counsel reviewed

the expenses incurred and exercised billing judgment by removing certain internal and additional costs from the request.

35. We estimate that we will expend an additional 50-100 hours by the close of this action in connection with drafting the final approval motion, preparing for argument at the final approval hearing, and related matters, including responding to class member inquiries and claims administration.

36. Upon request, we can provide detailed contemporaneous records to the Court for review *in camera*.

37. All books and records in this case regarding costs expended were maintained in the ordinary course of business, including expense vouchers and check records. We have reviewed the records of costs expended in this matter.

We declare under penalty of perjury that the foregoing is true and correct based upon our personal knowledge.

Executed this 24th day of November, 2026.

By: /s/ *Bryan Bleichner*
Bryan L. Bleichner

By: /s/ *Jean Martin*
Jean Martin